No. 13,541.

ENYEART v. KEPLER ET AL.

HUSBAND AND WIFE.—*Tenants by Entireties.—Quitclaim Deed from Husband to Wife.—Effect of.—Survivorship.*—Where a husband and wife own real estate by entireties, a quitclaim deed from the husband direct to the wife, in which she does not join, but which she accepts and acts upon, is valid, and vests in the wife the whole estate in the land, and defeats the husband's right of survivorship.

From the Wayne Circuit Court.

*W. F. Medsker* and *C. E. Shiveley,* for appellant.

*T. J. Study,* for appellees.

OLDS, J.—This is an action to quiet title to real estate. The complaint alleges that the appellant, the plaintiff below, is the owner in fee simple and entitled to the possession of the following described real estate in the county of Wayne and State of Indiana, to wit: The north half of the northeast quarter of section 12, in township 16 north, of range 12 east, containing eighty acres more or less; that he acquired title to the real estate in the following manner, *i. e.:* On the 23d day of December, 1876, one Abiram Boyd, who was then and there the owner in fee of said lands, and in possession thereof, executed and delivered a deed, with covenants of warranty, conveying said lands to Martha Enyeart and William Enyeart, the plaintiff, who were then and there husband and wife; that afterwards, on the 15th day of December, 1880, and while the plaintiff and his said wife were owning and in possession of said real estate, the plaintiff executed and delivered to his said wife, Martha Enyeart, a quitclaim deed purporting to convey said real estate to his wife, in which deed his wife did not join; that, on the 8th day of December, 1885, said Martha, while the wife of the plaintiff, departed this life, testate, at the county of Wayne and State

of Indiana, at which time said Martha and plaintiff were occupying said land; that Martha devised the whole of said land to the defendants; that under the provisions of the will defendants are claiming an interest in said real estate adverse to the plaintiff, which claim is without right and unfounded and a cloud upon the plaintiff's title; that the deed executed by the plaintiff to his wife is void and of no effect, and plaintiff takes the said real estate as surviving husband and widower of his deceased wife, Martha Enyeart. Prayer for judgment quieting title.

Appellees demurred to the complaint for the reason that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer. Plaintiff refused to amend and the court rendered judgment upon demurrer for appellees. The ruling of the court in sustaining the demurrer to the complaint is assigned as error.

The conveyance of the land by Abiram Boyd, who owned the same in fee simple, to William B. and Martha Enyeart, husband and wife, vested the title in them by entireties. It is insisted by counsel for the appellant that the quitclaim deed by appellant to his wife was void for the reason that the husband had no such interest in the land as he could convey to the wife; that an estate vested in the husband and wife by entireties can not be conveyed by the husband without the wife joining in the deed, and that a deed direct from the husband to the wife is void and passes no title, and the husband as survivor takes the whole title.

The rule in regard to estates by entirety is, that neither tenant can sever the union of interest without the consent of the other, but this is construed to mean that the one can not sever the interest or make any disposition of the estate so as to affect the right of survivorship. In the case of *Washburn* v. *Burns*, 34 N. J. L. 18, the court, in speaking of the husband's rights in an estate by entirety, says: "The limit of this right of the husband is, that he can not do any act to the prejudice of the ulterior rights of the wife." 1 Bishop

Law of Married Women, section 622; *Ames* v. *Norman,* 4 Sneed, 683. There is a discrepancy in the authority as to the right of the husband to convey or encumber his interest in the estate without the assent of the wife, and as to whether or not the interest of the husband is liable to sale on execution against him, some authorities holding that he may convey or encumber his interest by deed without the assent of the wife, and that his interest is subject to sale on execution and that such deed or sale passes all the title of the husband in the land, and in case the husband survives the wife the purchaser takes the fee in the land; but by a long line of decisions in our own State, it is held that the husband can not convey or encumber his interest in the land without the assent of the wife, and that his interest is not subject to sale on execution.

1 Washburn Real Property (5th ed.), p. 706, section 2, in treating of estates by entirety, says: " In such case, the survivor does not take as a new acquisition, but under the original limitation, his estate being simply freed from participation by the other ; so that if, for instance, the wife survive and then dies, her heirs would take to the exclusion of the heirs of the husband."

It is the prevailing doctrine that a severance of the marital relation by divorce also severs the estate, and after divorce they no longer hold by entirety, but as joint tenants, or tenants in common, owing to the differing policies and laws of the States. 2 Bishop Marriage and Divorce (6th ed.), section 716; *Harrer* v. *Wallner,* 80 Ill. 197. It may be regarded as settled by the weight of authority that the husband's interest in the real estate is vested in him by the deed; that on the death of the wife the estate is simply freed from participation by her. The husband and wife are each seized of the whole estate, and, under the decisions of this State, they have equal rights to the possession, the survivor taking the whole estate upon the death of his co-tenant. It follows, therefore, that the husband, the appellant in this case, at the

time he executed the quitclaim deed to his wife, had an interest in the real estate; that he was seized of the whole estate by a title which would descend to his heirs, subject only to be defeated by the wife surviving him, in which event she would take the whole of the estate.

It remains then to be determined whether the husband can convey such title as he has in the real estate to the wife by deed direct from him to his wife.

In the case of *Dodge* v. *Kinzy*, 101 Ind. 102, the court collects the authorities on this question, and holds that a mortgage, executed by the husband and wife on an estate held by entirety, securing the individual debt of the husband, is void both as to the husband and wife. That decision is based upon the theory that the law of this State prohibits and makes void the contract of the wife encumbering her real estate as security for the debt of the husband, and the mortgage being void as to the wife, it had no greater force than if executed by the husband without the wife joining. The former decisions of this court being to the effect that the husband could not encumber or convey said estate without the assent of the wife, her void act in joining in the mortgage did not operate as an assent on the part of the wife, hence the mortgage was void as to both.

No disabilities attach to the husband to affect his conveyance of real estate. He can receive and convey title just the same as if he were unmarried, except that he can not dispose of or in any manner affect the inchoate right of his wife in and to his real estate. The decisions of this court only go so far in regard to estates by entireties as to hold that the husband can not convey or encumber the estate without the assent of the wife; upon the contrary, it is manifestly true that he can convey and encumber said estate by and with the assent of the wife, by her joining in the deed, except in case of a mortgage or encumbrance of suretyship on the part of the wife, her contract of suretyship being absolutely void.

By the laws of this State, and the decisions of this court, the husband may convey his interest in real estate held in any other manner than by entirety, and may convey such interest by and with the assent of the wife, unless the assent of the wife be given to secure the debt of the husband. In the case of suretyship she is prohibited from giving her assent, and if given it is void and of no effect. There is no inhibition on the wife's right to receive title to real estate. This being the status of the parties, we can see no good reason why the husband can not convey title to real estate to the wife, and the wife receive title from him. The decisions of the court only go to the effect that the husband can not convey his interest in an estate by entirety without the assent of the wife. In the case of a conveyance by the husband to the wife of his interest, and her acceptance of the deed, it operates as a relinquishment of the husband's right as survivor.

As in this case the husband conveys the real estate in question to the wife, and she accepts the deed, and afterwards disposes of the real estate by will, this would constitute such an assent on the part of the wife, within the meaning of the decisions of this court, as would make the deed valid, and pass the title to the wife; if, indeed, it can be said, in case of a conveyance of the husband's interest to the wife, any assent is necessary more than the acceptance of the deed, as such a conveyance does not attempt to take from, but rather add to, her interest in the land.

By some of the early decisions of this court it was held that a deed direct from husband to wife was void in law, but would be upheld in equity. In the discussion of the validity of a deed direct from the husband to the wife, in the case of *Thompson* v. *Mills*, 39 Ind. 528, we think the court laid down the proper doctrine. The court in that case says: "As the fact is recognized that the husband may, by deed, made directly to his wife, convey real estate to her, and the conveyance will be upheld, why not apply to such conveyances the same rules which are applied to conveyances

between other parties, that is, hold them valid until some legal reason has been shown for setting them aside."

The deed from appellant to .his wife was valid, and passed all the interest the husband had in the land to his wife. Suppose the husband and wife should have joined in a deed and conveyed the land to a third person and such third person conveyed the land to the wife, the legal title would have passed from the husband and wife and been received back by the wife. If they could convey title in that manner, as they surely could have done, there is no sound reason why, under our laws, they could not by agreement pass the title by deed direct from the husband to the wife, he executing and she accepting the conveyance. Such a deed is valid unless attacked for some cause other than that they were husband and wife at the time of the execution of such conveyance.

There was no error in the ruling of the court sustaining the demurrer to the complaint.

Judgment affirmed, with costs.

Filed March 14, 1889.