Decided 10 July, 1905. ·

**HAYES v. HORTON.**

81 Pac. 386.

| 46 | 597 |
|-----|-----|
| f47 | 326 |

RESULTING TRUST NOT PRESUMED BETWEEN HUSBAND AND WIFE—PRESUMPTION OF GIFT.

1. In the case of a purchase of land by a husband, the title being taken in the name of his wife, or in the name of himself and wife, it will be presumed that the purchase price was an advancement or gift to the wife, rather than that the title was held by the wife as trustee.

EFFECT OF DEED TO HUSBAND AND WIFE—ENTIRETIES.*

2. A deed to a husband and wife creates an estate by entirety, even though the husband provided the purchase price, in the absence of evidence of a trust.

EFFECT OF DIVORCE ON ESTATE BY ENTIRETY.

3. The effect of a divorce between persons holding land by the entirety is to dissolve that estate and leave them as tenants in common.

EFFECT OF CONVEYANCE ON ESTATE BY ENTIRETY.

4. Either party to an estate by entirety may mortgage his or her interest without changing the status of the property right of the other party thereto.

WAIVER OF DEMURRER TO COMPLAINT BY ANSWERING.

5. A general demurrer to a complaint is waived by answering over, unless there is an entire failure to state any cause of action at all.

From Harney: GEORGE E. DAVIS, Judge..

Statement by MR. JUSTICE BEAN.

This is a suit by Etta Hayes against Horace M. Horton for partition of real property. The plaintiff and defendant were wife and husband from December, 1888, to April 27, 1903, when they were divorced by a decree of the circuit court for Harney County in a suit brought for that purpose by the defendant. In May, 1891, the property in question was purchased by the defend-

*NOTE.—See extensive annotation in 30 L. R. A. 320, on Creation of Entirety Estates, (a) by act of law, and (b) by act of the parties.

REPORTER.

ant, and, at his instigation, conveyed to himself and wife. He soon thereafter constructed a building thereon, and otherwise improved the property, at a cost of between three and four thousand dollars, and has occupied and used the same for a drug store ever since. The plaintiff, about the commencement of the divorce suit, conveyed her interest in the property to her attorney Williams, "in consideration of one dollar and professional services" to be rendered to her. After the termination of the suit Williams reconveyed the property to her, and she thereafter commenced this suit for partition thereof. In her complaint she alleges that she and the defendant "are the owners in common" of the property, "each owning an undivided part thereof"; that the property is so situated that it cannot be divided without great prejudice to the owners; and praying for a sale and for the distribution of the proceeds. The answer denies that the plaintiff is the owner or has any interest in the property, alleging that it was purchased by the defendant and paid for with his own money, and that it was not intended at the time of the conveyance that plaintiff should acquire any beneficial interest therein whatever. The answer further alleges that the improvements were made by the defendant at his own expense and with his own money, with the full knowledge and consent of the plaintiff, and prays that plaintiff be decreed to hold the legal title in trust for him; but, in case the court should find that she is the owner of an interest therein, that she be required to account to the defendant for her share of the money expended by him in the purchase and improvement thereof. The reply denies the material allegations of the answer, and affirmatively alleges that plaintiff advanced the defendant large sums of money which were used in the purchase and improvement of the property, and that it was understood and agreed between them that the property was to be owned and held by them jointly. The plaintiff had a decree in the circuit court, and defendant appeals.       AFFIRMED.

For appellant there was a brief over the name of *Parrish & Rembold,* with an oral argument by *Mr. G. A. Rembold.*

For respondent there was a brief over the names of *Biggs &
Biggs* and *George Wesley Hayes,* with an oral argument by *Mr.
Hayes.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. There is a conflict in the evidence as to whether defendant
furnished the money with which to purchase and improve the
property in dispute, or whether a part of it was provided by the
plaintiff, but that question is really immaterial. It is a general
rule of law that where the purchase price of land is paid by one
person, and the title taken in the name of another, the grantee
will hold it in trust for the person furnishing the money, even
without a declaration to that effect: 2 Story, Eq. (13 ed.),
§ 1201. But this rule does not apply to a purchase by a hus-
band in the name of his wife, or by a parent in the name of a
child. In such case the presumption is that the purchase money
was intended as an advancement or gift, until the contrary is
established by the evidence: 2 Story, Eq. (13 ed.), § 1203;
*Welton* v. *Divine,* 20 Barb. 9; *Guthrie* v. *Gardner,* 19 Wend. 414.
If, therefore, it be assumed, although not clearly shown by the
evidence, that the purchase of the property and the improve-
ments thereon were made with the defendant's money, there can
be no resulting trust in his favor on account thereof, because
there is no evidence to overcome the presumption that it was
intended as a gift to her. Indeed, the testimony on this point
tends to show that plaintiff was to be joint owner of the prop-
erty. She says that it was understood at the time the deed was
made that she was to have a one-half interest, while the defend-
ant testifies that there was no understanding about the title, and
that his claim is based on the fact that he provided the purchase
money. We are therefore of the opinion that there was no result-
ing trust in favor of the defendant.

2. We are further of opinion that by the deed Horton and the
plaintiff became tenants by the entirety: *Noblitt* v. *Bebee,* 23 Or.
4 (35 Pac. 248); *Howell* v. *Folsom,* 38 Or. 184, 187 (63 Pac.
116, 84 Am. St. Rep. 785).

3. There is some conflict in the decisions as to the effect of a
divorce upon estates by entirety, but the weight of authority is

that it destroys the unity of husband and wife and severs such estate, making them thereafter tenants in common: 2 Bishop, Mar. & Div. (5 ed.), § 716; Freeman, Co-Tenancy (2 ed.), § 76; *Stelz* v. *Shreck,* 128 N. Y. 263 (28 N. E. 510, 13 L. R. A. 325, 26 Am. St. Rep. 475); *Russell* v. *Russell,* 122 Mo. 235 (26 S. W. 677, 43 Am. St. Rep. 581); *Hopson* v. *Fowlkes,* 92 Tenn. 697 (23 S. W. 55, 23 L. R. A. 805, 36 Am. St. Rep. 120). At common law, husband and wife were regarded as one person, and a conveyance to them by name was in effect a conveyance to a single person. By such a conveyance two real persons took the whole of the estate between them, and each was seised of the whole, and not of any undivided portion. When the unity was destroyed by death, the survivor took the whole of the estate, because he or she had always been seised of the whole thereof, and the other had no interest which was devisable. But when the unity is destroyed by a decree of divorce, leaving both spouses surviving, the only logical conclusion is that they thereafter become tenants in common of the property, because there are two living persons in whom the title rests.

4. The deed from the plaintiff to Williams, made about the time of the commencement of the divorce suit, did not change the status of the property or the rights of the parties. It was probably intended only as security for professional services, and the title reinvested in the plaintiff immediately after the decree.

5. A contention is made that the complaint does not state facts sufficient to constitute a cause of suit, because it is not alleged specifically what interest or estate the parties had in the property, but this question was waived by confessing that a demurrer to the complaint was not well taken, and by answering over.

It follows that the decree of the court below must be affirmed, and it is so ordered.                                AFFIRMED.