EMILY M. PALMER & others, executors, *vs.* TREASURER AND RECEIVER GENERAL & another.

Middlesex.   October 18, 1915. — November 24, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Tax,* On legacies and successions.   *Tenants by Entirety.   Husband and Wife.*

Upon the death of a husband, who with his wife had received a conveyance of real estate as tenants by the entirety, no new estate by survivorship passes to the widow, but she still holds under the deed by which she and her husband received the property by the entirety; and therefore she is not subject to a succession tax under Sts. 1909, c. 490, Part IV, § 1; 1912, c. 678, § 1.

CROSBY, J. This is a petition for instructions brought in the Probate Court by the executors under the will of Edward H. Palmer to determine the question whether certain real estate owned by Emily M. Palmer, widow of the testator, is taxable under the statutes relating to the taxation of legacies and successions. St. 1909, c. 490, Part IV, § 1, as amended by St. 1912, c. 678, § 1.*

The agreed facts show that Emily M. Palmer, wife of Edward H. Palmer, on July 30, 1912, conveyed certain real estate owned by her and situated in this Commonwealth to one Kennedy, who, "at the same time, and as part of the same transaction, . . . conveyed the same to said Emily M. Palmer wife and said Edward H. Palmer husband, in fee as tenants by the entirety;" and they continued thereafter to hold the property so conveyed as tenants by the entirety until the death of Edward H. Palmer, which occurred on March 17, 1913. The title of Emily M. Palmer to the real estate was by inheritance from her father and by purchase from the other heirs of her father, and had been held by her for many years.

The Attorney General contends that upon the death of Edward H. Palmer one half interest in this real estate passed to the widow by right of survivorship, and that such interest is taxable under that clause of the statute which includes real estate which passes "by the laws regulating intestate succession." It is not contended that the estate is taxable under any other provision of the statute.

The peculiar nature of a tenancy by the entirety frequently has been considered by this court. It can arise only where the ownership is vested in husband and wife. As was said by Field, J., in *Pray* v. *Stebbins,* 141 Mass. 219, 221: "This tenancy by entireties is essentially a joint tenancy, modified by the common law doctrine that husband and wife are one person." The difference between a joint tenancy and a tenancy by the entirety is that joint tenants take by moieties and are each seized of an undivided moiety of the whole, *per my et per tout,* which draws after it the incident of survivorship unless either party in his lifetime severs the jointure.

---

* Upon an appeal to the Supreme Judicial Court the case was reserved by *Loring,* J., upon the pleadings and an agreed statement of facts. for determination by this court.

On the other hand neither husband nor wife can sever a tenancy by the entirety. They do not take by moieties but by entireties. Neither can alienate a moiety so as to defeat the title to the survivor in the whole. *Shaw* v. *Hearsey*, 5 Mass. 521. *Wales* v. *Coffin*, 13 Allen, 213. *Pray* v. *Stebbins*, 141 Mass. 219. *Hoag* v. *Hoag*, 213 Mass. 50.

.When a tenancy by the entirety is created, the husband and wife take the estate as one person, and they take but one estate. In view of the nature of such an estate, on the death of either husband or wife no beneficial interest accrues to the other by survivorship so as to create succession, and so no part of the estate was subject to the tax.

Upon the death of the testator no estate in the property in question passed to his widow. It belonged to her from the time when the tenancy by the entirety was created. In the event that she survived her husband, upon his death she took no new title by survivorship, but held under the deed by virtue of which she was originally seized of the whole. 21 Cyc. 1198, 1199. 1 Washb. Real Prop. (6th ed.) § 912. *Enyeart* v. *Kepler*, 118 Ind. 36.

Upon the testator's death the estate simply was freed from participation by him. The complete title of a surviving tenant by the entirety is not acquired by intestate succession, but by reason of the nature of the estate. See *Attorney General* v. *Clark, post,* 291; *Matter of Klatzl*, 216 N. Y. 83.

*Decree affirmed with costs.*

*W. H. Hitchcock,* Assistant Attorney General, for the defendants.

*G. F. Piper,* for the plaintiffs, was not called upon.