Argued February 25, affirmed March 14, 1916.

## THOMPSON *v.* THOMPSON.*

(155 Pac. 1190.)

**Public Lands—Homestead Laws—Rights of Entryman.**

1. When an entryman under the homestead laws has fully complied with all the legal requirements, has submitted his final proof, and has received a final certificate, he has an equitable title to the land which he may convey and which will descend to his heirs, and thereafter the government holds the legal title in trust for him; and, when the patent issues, it relates back to the date of the final certificate.

**Public Lands—Patent—Issue.**

2. As respects the government of the United States, the right to a patent once vested is equivalent to a patent issued.

**Divorce—Property—"Owner"—"In Fee."**

3. Under Section 511, L. O. L., providing that, whenever a marriage shall be dissolved, the parties at whose prayer such decree shall be made shall be entitled to the undivided third part in his or her individual right in fee of the whole of the real estate owned by the other at the time of such decree, the wife of one who had made an entry of a quarter section of land under the homestead laws, and who had in good faith fully complied with the requirements of the law by making a full payment and receiving a final receipt therefor, but to whom patent had not issued, was properly decreed a third interest in the land, as defendant, was the "owner" of the land; such word having no fixed meaning, but usually denoting a fee-simple estate, or one who has the usufruct control or occupation of land, and as the words "in fee," as used in the statute, signify an estate of inheritance denoting all the estate, right, title and interest in the one-third part of the land of the party against whom the decree is rendered is to be conveyed to the party in whose favor the decree is granted.

> [As to interest of wife in lands occupied by husband during coverture and subsequently patented to him, see note in **111 Am. St. Rep. 1018.**]

———

*As to effect of the contracting or dissolution of marriage after the initiation but before the consummation of right under homestead entry, see note in 7 **L. R. A. (N. S.)** 967.   REPORTER.

79 Or.—33

From Marion: WILLIAM GALLOWAY, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is a suit for divorce by Bertha B. Thompson against John W. Thompson.

Defendant appeals from a decree granting plaintiff a divorce and a one-third interest in a quarter section of land owned by him.                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Weatherford & Weatherford* and *Mr. Guy O. Smith,* with oral arguments by *Mr. Mark V. Weatherford* and *Mr. Smith.*

For respondent there was a brief and an oral argument by *Mr. Dana H. Allen.*

MR. JUSTICE BEAN delivered the opinion of the court.

The suit is based upon allegations of cruel and inhuman treatment. It is unnecessary to quote the evidence, which amply sustains the complaint. The decree granting the divorce was properly rendered. Plaintiff and defendant were married August 28, 1907, and soon thereafter settled upon a homestead in Lincoln County, where they resided for more than five years. In December, 1913, the defendant completed his entry and made final proof for the land described in the complaint. The contention is made on behalf of defendant that the court had no jurisdiction to decree to plaintiff an interest in his land, for the reason that, although final proof was made under the United States homestead laws and a final receipt received therefor, the patent had not been issued at the time of the decree. The principal reason assigned for this position is that under Section 2296, Rev. Stats. U. S.

(U. S. Comp. Stats. 1913, § 4551), the land is not subject to the payment of the entryman's debts contracted prior to the issuance of the patent: *Wallowa Nat. Bank* v. *Riley,* 29 Or. 289 (45 Pac. 766, 54 Am. St. Rep. 794). The fact that the land is exempt from liability for the payment of such debts does not solve the question.

Section 511, L. O. L., provides that, whenever a marriage shall be declared void or dissolved, the party at whose prayer such decree shall be made shall in all cases be entitled to the undivided third part in his or her individual right in fee of the whole of the real estate owned by the other at the time of such decree. The question therefore is: Was the defendant the owner of the land at the date of the decree within the meaning of the statute?

1. When an entryman, under the homestead laws of the United States, has fully complied with all the legal requirements, has submitted his final proof, and a final certificate has been issued to him, he has a perfect equitable title to the land, which he may convey. Thereafter the government holds the legal title in trust for the homesteader, and when the patent issues it relates back to the date of the final certificate: *Wallowa Nat. Bank* v. *Riley,* 29 Or. 289 (45 Pac. 766, 54 Am. St. Rep. 794); *Deffeback* v. *Hawke,* 115 U. S. 392 (29 L. Ed. 423, 6 Sup. Ct. Rep. 95); *Cornelius* v. *Kessel,* 128 U. S. 456 (32 L. Ed. 482, 9 Sup. Ct. Rep. 122); 32 Cyc. 817.

2. As respects the government of the United States, the right to a patent once vested is equivalent to a patent issued: *Stark* v. *Starr,* 73 U. S. (6 Wall.) 402 (18 L. Ed. 925). Thus far the questions relating hereto are settled, and, inasmuch as no one other than the government and the settler has any interest in the land, the above rules are of much import.

3. It is conceded that defendant Thompson made an entry for the land in question under the homestead

laws of the United States, and at the time of the rendition of the decree had in good faith fully complied with the requirements of the law, or, as it is termed, made full payment and received a final receipt therefor. The entryman had more than a mere equity. He had a substantial legal title to the property, sometimes designated as "the inchoate legal title," which he could convey and which would descend to his heirs: *Budd* v. *Gallier,* 50 Or. 42, 44 (89 Pac. 638).

The word "owner" as applied to land, has no fixed meaning which can be declared to be applicable under all circumstances and as to any and every enactment. It usually denotes a fee-simple estate, but it has been defined to be: "One who has the usufruct, control, or occupation of land": 6 Words and Phrases, p. 5135; *Coombs* v. *People,* 198 Ill. 586 (64 N. E. 1056). The statute above referred to, in effect, directs that the ownership of the land of the party in fault shall be transferred to the party in whose favor the decree is granted. Defendant's title to the land could unquestionably be conveyed: *Howard* v. *Reckling,* 31 Or. 161 (49 Pac. 961). We think within the meaning of this law that he was the owner of the realty. By force of the decree the title in fee of an undivided one-third part of the whole of the property described was conveyed. The words "in fee," as used in the statute, signify an estate of inheritance: 1 Bouvier, Dict. of Law, p. 766; 3 Words and Phrases, p. 2705. These words are employed in the law to denote that all the estate, right, title and interest in the one-third part of the land of the party against whom the decree is rendered is to be conveyed to the party in whose favor the decree is granted. Plaintiff and defendant together settled and resided upon the land in question and improved it, and the defendant obtained title thereto. There can be no

interference in any manner with the administration of the United States homestead laws by an equitable adjustment of the matter between the husband and wife. In the settlement of their unfortunate affairs it is strictly within both the spirit and letter of the law that the real estate should be divided between them as provided for in the decree rendered.

After a careful examination of all the matters we are thoroughly convinced that the decree of the lower court was right.    It is therefore affirmed.    AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE HARRIS concur.