Argued April 7, re-argued June 23, modified October 4, defendant's motion for costs denied October 25, 1927.

## JEAN SCHAFER *v.* JOHN SCHAFER.

### (260 Pac. 206.)

**Divorce—Tenancy by Entirety is Transmuted into Tenancy in Common by Divorce Decree.**

1. A divorce decree ends an estate by entirety by operation of law and transmutes it into a tenancy in common.

**Husband and Wife—Conveyance to Husband and Wife at Common Law was Considered as Conveyance to Single Person.**

2. At common law, a conveyance to husband and wife was in effect, a conveyance to a single person, since they were considered as one person.

**Husband and Wife—At Common Law, on Death of Either Husband or Wife Seised of an Estate by Entirety, Survivor Took Whole of Estate.**

3. By conveyance to husband and wife, at common-law, of an estate by entirety, two real persons took whole estate between them, and, on destruction of unity by death, survivor took whole estate.

**Partition—Tenancy by Entirety cannot be Partitioned.**

4. Estate by entirety is dependent on the marital relation of the cotenants and cannot be partitioned while the tenancy by entireties

---

1. Effect of divorce on property held by the entireties, see notes in 4 Ann. Cas. 1102; 5 Ann. Cas. 536; 30 L. R. A. 333; 10 L. R. A. (N. S.) 463; L. R. A. 1915C, 396. See, also, 13 R. C. L. 1121.

2. Nature and creation of tenancy by entireties, see notes in 33 Am. Rep. 269; 18 Am. Dec. 377; 30 L. R. A. 306. See, also, 13 R. C. L. 1108.

4. Partition between tenants by entireties, see notes in 30 L. R. A. 335; 42 L. R. A. 98. See, also, 13 R. C. L. 1116.

continues, but on its conversion into tenancy in common it may be partitioned.

Divorce—Under Statute, Court on Decreeing Divorce may Seize One Third of Property Defendant Owns at Time of Decree (Or. L., § 511.)

5. Under Section 511, Or. L., court on decreeing divorce may seize and cut off a third interest in such property as defendant owned at time of decree.

Estoppel—Person Claiming Under Instrument must Found Claim on Whole and cannot Adopt Favorable Features and Repudiate Those Adverse.

6. A person cannot claim under a deed or other instrument without confirming it, but must found his claim on the whole and cannot adopt that feature which favors him and repudiate another feature which is adverse.

Divorce—Since Divorce Decree Transmutes Tenancy by Entirety into Tenancy in Common, Law Authorizing Distribution of Property Held Inapplicable (Or. L., § 511).

7. Since a divorce decree by operation of law ends a tenancy by entirety and transmutes it into a tenancy in common, Section 511, Or. L., relating to distribution of property, would be inapplicable in such a case.

Divorce—Equal Division Between Spouses of Estate by Entirety is Proper.

8. Though an estate by entirety is not subject to partition, an equal division between spouses is proper.

Husband and Wife—During Coverture Neither Spouse has Estate of Inheritance in Estate by Entirety.

9. Neither spouse, during coverture, has an estate of inheritance in property held as estate by entirety.

Divorce—Statute for Distribution of Property on Divorce Held to Import Conveyance of Title in Fee (Or. L., § 511).

10. Section 511, Or. L., providing for distribution of property on divorce decree, by use of words "in fee," clearly imports that the title in fee of an undivided one third of property is to be conveyed.

Husband and Wife—Heirs of Deceased Spouse, Who was Tenant by Entirety, Do not Inherit, but Whole Belongs to Surviving Spouse.

11. On death of either spouse holding estate by entirety, heirs of deceased do not inherit any of such estate, but whole belongs to surviving spouse.

**Divorce—Court Decreeing Divorce of Tenants by Entirety cannot Convey to Wife One Third of Property in Fee.**

12.   Court rendering decree of divorce of spouses holding estate by entirety cannot convey to wife one third of property in fee or an estate of inheritance, since husband has no estate of inheritance in property held by parties by entirety.

---

Curtesy, 17 C. J., p. 433, n. 54.

Divorce, 19 C. J., p. 180, n. 28 New, p. 181, n. 53, 56, p. 182, n. 65, p. 334, n. 47, p. 335, n. 53, p. 345, n. 35, p. 356, n. 32, p. 358, n. 61.

Dower, 19 C. J., p. 504, n. 71.

Estates, 21 C. J., p. 922, n. 46.

Husband and Wife, 30 C. J., p. 507, n. 54, p. 555, n. 36, p. 556, n. 37, p. 563, n. 19, p. 564, n. 66, 67, 68, p. 565, n. 69, 70, 71, 72, 74, 75, p. 567, n. 11, 12, p. 570, n. 69, p. 571, n. 70.

Partition, 30 Cyc., p. 181, n. 29, 31.

Taxation, 37 Cyc., p. 1565, n. 39.

Trusts, 39 Cyc., p. 136, n. 22.

From Multnomah: ROBERT TUCKER, Judge.

In Banc.

MODIFIED.

For appellant there was a brief over the name of *Messrs. Simon, Gearin, Humphreys & Freed,* with an oral argument by *Mr. Lester W. Humphreys.*

For respondent there was a brief over the name of *Messrs. Senn & Recken,* with an oral argument by *Mr. F. S. Senn.*

BEAN, J.—This is a suit for divorce. The trial court rendered a decree in favor of plaintiff granting her a divorce from the defendant and also decreed that the plaintiff have care and custody of the two minor children of the parties, Donald Schafer then aged seven and Robert Schafer aged thirteen months, giving the defendant the privilege of visiting the children, and providing that defendant pay the sum of $100 per month for the maintenance of the children

until they arrive at the age of eighteen years; when Donald Schafer arrived at that age said sum to be reduced to $50 per month, and that sum to be paid until Robert Schafer reaches the age of eighteen, when the same shall cease.

The decree further provided, to wit:

"And whereas, the plaintiff is the owner of a one-half interest in and to the following described premises, to-wit: Lots 5 and 8 and the E½ of lot 9 in block 9, King's Second Addition to Portland, Multnomah County, Oregon. Whereas, the defendant is the owner of a one-half interest therein; and whereas, this defendant is the owner of an undivided one-third interest in and to the following described real estate, to-wit: the West one-half of lots two (2) and three (3), Block 181, Couch Addition to Portland, Multnomah County, Oregon;

"Now THEREFORE, it is further ORDERED, ADJUDGED AND DECREED, and the plaintiff is hereby declared to be the owner of a two-thirds interest in and to the following described property, to-wit:

"Lots five (5) and eight (8) and the East one-half of Lot nine (9) King's Second Addition to Portland, Multnomah.

"It is further ORDERED, ADJUDGED AND DECREED that the plaintiff be and she is hereby declared to be the owner of a one-ninth (1/9) interest in and to the following described premises:

"The West one-half of Lots two (2) and three (3) in Block 181, Couch Addition to the City of Portland, Oregon, Multnomah County, Oregon;

"It being the intention of the court herein to give to this plaintiff her statutory interest in all of the real estate of the defendant.

"In addition thereto the court decrees that the plaintiff is in her own right by virtue of a deed of conveyance, the owner of a one-half interest in and to the following described premises, to-wit:

"Lots five (5) and eight (8) and the East one-half of lot nine (9) in Block nine (9), King's Second Addition to Portland, Multnomah County, Oregon."

Defendant appeals.

In defendant's reply brief we find it stated, "One question only is presented by this brief. It is this: What power has the court under Section 511, Or. L., to divide an estate by the entirety." It is contended on behalf of the appellant that an estate by the entirety does not come within the provision of Section 511.

1. In the present case the Schafers owned certain property as tenants by the entirety. The court gave the wife a divorce. By operation of law the divorce decree ended the entirety and transmuted it into a tenancy in common: 2 Schouler on Marriage and Divorce, p. 2074, § 1944. The trial court apparently treating the estate by the entirety as though it were owned by the Schafers as tenants in common, proceeded by the decree to give the wife one third of the defendant's one half of the property which, up to that time, and at that time, and until the decree had been rendered and became operative, had been an estate by the entirety.

2, 3. In considering this question there are a few settled rules which may be helpful to notice. The husband and wife were considered at common law as one person and a conveyance to them was, in effect, a conveyance to a single person. By a conveyance to them of an estate by the entirety, two real persons took the whole of the estate between them, and each was seized of the whole and not of an undivided portion. When the unity was destroyed by death the survivor took the whole of this estate, because he or she had always been seised of the whole thereof and

the other had no interest which was divisible. When the unity is destroyed by decree of divorce leaving both spouses surviving, as stated by former Mr. Justice BEAN in *Hayes* v. *Horton,* 46 Or. 597, 600 (81 Pac. 386):

"The only logical conclusion is that they thereafter became tenants in common of the property, because they are two living persons in whom the title rests."

In that case the law is so far declared, and has become settled in this state. It will be noticed that in regard to both spouses it is declared that thereafter, that is, after the divorce, they become tenants in common of the property. They were not tenants in common of the property prior to the rendition of the divorce decree, and only became such tenants after the decree was rendered and became operative.

The courts are not agreed as to the effect of a divorce upon an estate by the entirety, but the question is set at rest in this state: 1 Schouler (6 ed.), § 568.

As stated in 30 C. J., Section 97, page 564:

"An estate by entireties is defined as an estate held by husband and wife by virtue of title acquired by them jointly after marriage. It is a peculiar and anomalous estate. It is a *sui generis* species of tenancy. The essential characteristic of an estate by the entirety is that each spouse is seized of the whole or the entirety and not of a share, moiety, or divisible part. Each is seized *per tout et non per my.* There is but one estate, and, in contemplation of law, it is held by one person. But while a tenant by the entireties owns the entire estate, yet where it is owned in fee it is not greater in quantity than any other estate in fee. During coverture neither spouse has an estate of inheritance in property held as an estate

122 Or.—40

by the entirety. None of the incidents peculiar to the estate rests upon any ground of public policy."

"The death of one tenant by the entirety terminates the estate, and, by the weight of authority, the same result follows from an absolute divorce." 30 C. J. 567, § 100; 2 Kent, 158.

See 2 Bishop on Marriage & Divorce, §§ 1650, 1651; 19 C. J., § 453, p. 182; *Stout* v. *Van Zante,* 109 Or. 430 (219 Pac. 804, 220 Pac. 414); *Chase* v. *McKinzie,* 81 Or. 429 (59 Pac. 1025); *Alles* v. *Lyon,* 216 Pa. 604 (66 Atl. 81, 9 Ann. Cas. 137, 10 L. R. A. (N. S.) 463, and note); *Reed* v. *Reed,* 109 Md. 690 (72 Atl. 414, 130 Am. St. Rep. 552); *Palmer* v. *Mansfield,* 222 Mass. 263 (110 N. E. 283, L. R. A. 1916C, 677); *Ades* v. *Caplan,* 132 Md. 66 (103 Atl. 94, L. R. A. 1918D, 276). The statute was intended to make an equitable distribution of the property acquired or held during their married life: *Allen* v. *Allen,* 196 Mich. 292 (162 N. W. 987).

4. Estate by entirety is dependent for its creation and also for its continuance upon the marital relation of the cotenants. While the tenancy by the entireties continues, no partition can be made, but after the tenancy has been converted into a tenancy in common by a destruction of its peculiar and essential unity of persons it may like other tenancies in common be partitioned. Freeman on Cotenancy and Partition, § 444.

5. The divorce destroys the unity of husband and wife but the unity of the estate by the entirety is made up of equals as the foundation thereof, and as the husband and wife, as regards the property, stood upon an equality before the rendition of the divorce by operation of the law after the divorce they become tenants in common of the property. Section 511, Or. L., provides as follows:

"Whenever a marriage shall be declared void or dissolved, the party at whose prayer such decree shall be made shall in all cases be entitled to the undivided third part in his or her individual right in fee of the whole of the real estate owned by the other at the time of such decree, in addition to the further decree for maintenance provided for in section 513; and it shall be the duty of the court in all such cases to enter a decree in accordance with this provision."

Under and by virtue of the provisions of this section the court may seize and cut off a third interest in such property as defendant owned at the time of the decree. This power is drawn only from the statute. The statute does not contemplate that the decree shall successfully dissolve the marriage, change the estate from an entirety to tenancy in common and then seize upon one party's share of the tenancy in common, and give a third thereof to the other. The decree has a fixed legal effect upon the estate by the entirety, namely, to transmute it into a tenancy in common. The statute does not give the court power to seize upon the declared legal effect of its decree and mutilate or change that legal effect.

It is apparently true that the legislature did not have estates by the entirety in mind when Section 511, Or. L., was enacted. This appears not only from the language of the section itself but by comparison with provisions made by legislatures in other states to govern the disposition of entireties by divorce decree.

6. There is found, in effect, among the old rules, which have become axiomatic, that a party must be consistent and not contradictory in the positions which he takes. To quote the language of Lord Kenyon, he must not "blow hot and cold" at the same time. One of the most important applications of the

rule is where a party endeavors to establish a right or title in himself, under one provision or implication of a deed or other instrument, by ignoring or contradicting another provision or implication which is destructive or fatally repugnant. According to the reason of the rule, which applies to deeds, a person cannot claim under the instrument without confirming it. He must found his claim on the whole and cannot adopt that feature or operation which makes in his favor and at the same time repudiate or contradict another feature or operation which is adverse to it. *Jacobs* v. *Miller,* 50 Mich. 119, 127 (15 N. W. 42), where there is cited a wealth of authorities.

In none of the cases or authorities do we find where a decree of divorce has dealt with an estate by the entirety except by special authority of the statute of the state. In Oregon nothing is provided in regard to entireties in rendering a decree of divorce. In this state there is no discretion as to real property. The court must give the party obtaining the decree a one-third part "in fee," no more, no less, of the real property owned by the party at fault at the time of the decree.

7. It would seem that the effect of a decree of divorce which by force of law changes an estate by the entirety to a tenancy in common is but the working out of a legal and equitable distribution of property held by the divorced spouses during the existence of their marriage relations. Such, as we understand, is the object and purpose of Section 511, Or. L., the law having determined the matter, and the divorce decree having gone into effect and accomplished the equitable disposition of the real property held by the entirety, there is no room for Section 511, Or. L., to function. In other words, it is not applicable.

We may as well first give one of the spouses one third of the property owned by the other and then the one third of the remaining two thirds in the application of the statute, as to make two divisions of the property in question, in the manner attempted by the decree of the trial court; first, dividing the estate in moieties and then granting the wife one third of the one half belonging to the husband.

Except for the enforcement or correction of such a decree, the entry of the final dercee in a divorce suit *a vincule* would terminate the jurisdiction of the court over the subject matter of the suit, and over the parties in respect to all matters involved therein: 2 Schouler on Marriage and Divorce, p. 1927, § 1740.

8. In the present case the trial court first declared, in effect, that the plaintiff and defendant each owned one half of the property held by the entirety. That declaration was a proper announcement of the effect of the decree of divorce and terminated the jurisdiction of the court over the property in question. In effect, the decree first partitioned the property held by the entirety. An estate by the entirety is not subject to partition: 2 Schouler (6 ed.), p. 590, § 568. An equal division between the spouses of an estate by entirety has been held proper: 19 C. J., p. 335, § 776; *Jeske* v. *Jeske,* 147 Mich. 367 (110 N. W. 1060).

9. It should be remembered that the property in question was all acquired by hard work and the practice of economy by the parties during their married life. During their coverture neither spouse had an estate of inheritance in the property held as an estate by entirety: 30 C. J. 565; *Roulston* v. *Hall,* 66 Ark. 305 (50 S. W. 690, 74 Am. St. Rep. 97).

10. Riveting our attention to the language of our statute, Section 511, the words "in fee" used therein clearly import that by virtue of a decree in such cases, the title in fee of an undivided one third of the property is to be conveyed. In *Thompson* v. *Thompson,* 79 Or. 513, 516 (155 Pac. 1190), this court held that the words "in fee" used in the statute signify an estate of inheritance. Citing Bouvier's Dict. of Law, 766; 3 Words & Phrases, p. 2705.

11, 12. In case of the death of either of the spouses holding an estate by the entirety, the heirs of the deceased would inherit no part of the property held by the entirety, but the whole would belong to the surviving spouse. The court rendering the decree of divorce could not convey to the wife a one-third part of the property "in fee," or an estate of inheritance, for the simple reason that the husband had no estate of inheritance in the property held by the parties by the entirety. A stream cannot rise higher than its source. We quote from the opinion in the case of *Roulston* v. *Hall,* 66 Ark. 305, 309 (50 S. W. 690, 74 Am. St. Rep. 97), a case very much in point:

"An estate of inheritance is 'a species of freehold estate in land, otherwise called a "fee" where the tenant is not only entitled to enjoy the land for his own life, but where, after his death, it is cast by the law upon the persons who successfully represent him *in perpetuum* in right of blood, according to a certain established order of descent.' 1 Steph. Comm. 218; Co. Litt., § 51; Black's Law Dictionary, 436, 'Estate of Inheritance.' From these definitions it seems that an estate held by entirety cannot be an estate of inheritance."

In that state the statute directed that where a divorce was granted to the wife she should be entitled *inter alia* to a one-third part of all the lands,

whereof her husband was seized of an estate of inheritance during the marriage for her life, unless relinquished. The chancery court in a divorce decree awarded the wife one half of property held by her and her husband by the entirety and one third of the other half for her life. The Supreme Court held that the husband "had not an estate of inheritance in these lots" and held the former decree ineffectual.

"No succession tax is due upon an estate held by the entireties upon the death of one tenant under a statute imposing a tax on real estate which passes by the 'law regulating intestate succession.' " Thus read the syllabus which shows the holding in *Palmer* v. *Mansfield,* 222 Mass. 263 (110 N. E. 283, L. R. A. 1916C, 677, note, p. 678). In that case it was held:

"Upon the death of the testator no estate in the property in question passed to his widow. It belonged to her from the time when the tenancy by the entirety was created. In the event that she survived her husband, upon his death she took no new title by survivorship, but held under the ·deed by virtue of which she was originally seized of the whole. 21 Cyc. 1198, 1199; 1 Washb. Real Prop. (6 ed.), § 912; *Enyeart* v. *Kepler,* 118 Ind. 36 (20 N. E. 539, 10 Am. St. Rep. 94)."

When the decree was rendered, the curtain of the marriage relations between the parties was rung down, and neither of the spouses was thereafter entitled to any interest in the property of the other. The court had no authority to decree or change the property rights of one existing after the decree, in favor of the other.

The unity of the persons is then severed and the unity of property rights ceased to exist. The former wife could make no claim as the widow of her former

husband and the male spouse would have no curtesy in the land of his former wife.

The decree of the lower court should be modified so as to eliminate the provisions granting the plaintiff a one-third interest in the half of the property held by the parties by the entirety before the divorce.

It is so ordered. In other respects the decree is affirmed.                          MODIFIED.

RAND, C. J., and McBRIDE and BROWN, JJ., concur in the foregoing opinion.

ROSSMAN, J., did not sit in the case.

The plaintiff was given a decree of divorce from the defendant, the care and custody of the minor children of plaintiff and defendant aged respectively seven years and thirteen months at the date of the decree, $100 per month alimony, and for the support and maintenance of said children until said children arrive at the age of eighteen years. The decree also provided that the first installment of $100 should be paid by the defendant on July 1, 1924, and a like installment of $100 on the first of each and every month thereafter until said minor children reach the age of eighteen years; that when the older child reaches the age of eighteen years the amount should be reduced to $50 a month and said $50 should be paid until the younger child reaches the age of eighteen years. The decree further gives to the plaintiff a one-third interest in the real property of the defendant. One tract of property involved is described as lots 5 and 8 and the east one half of lot 9 in Block 9, Kings Second Addition in Portland, Multnomah County, Oregon, and was owned by the plaintiff and defendant as tenants by the entirety. The decree declares

the plaintiff to be the owner of one half of that tract and awards her one-third interest of the other one-half which the decree declares belongs to the defendant. The defendant appeals from the decree assigning as errors the granting of the divorce to the plaintiff, asserting that the decree of divorce should have been given to the defendant, and also claims that the allowance made to the plaintiff was excessive, unjust and contrary to all the evidence.

COSHOW, J.—From a careful consideration of the testimony and the briefs presented on the appeal, we are of the opinion that the evidence supports the decree rendered by the learned judge of the Circuit Court. It would be of no benefit to the profession or any other person to set out the testimony adduced. The ground alleged in both the complaint and answer is cruel and inhuman treatment. The allegations of plaintiff were sustained. The conduct of the defendant was arbitrary, inconsiderate of the feelings of plaintiff and in two or three instances brutal. Defendant's treatment of the plaintiff doubtless rendered the life of plaintiff miserable and burdensome within the meaning of those terms as used in the statute.

It is not seriously contended that the court erred in giving to the plaintiff the custody of the two children. They are young and need the care of their mother. There was no attempt to prove that the mother was to any degree unfit to have the care and custody of the children. The learned attorney for the defendant at the trial conceded that the plaintiff should have the care of the children even though a divorce was granted to defendant.

It is seriously contended on the part of defendant that inasmuch as he supplied the money for

the purchase of the lots above described, and referred to in the testimony as the Irving Apartments, the court erred in finding the plaintiff was owner in her own right of one half thereof. It is urged by the defendant on the appeal that the court should have found that the property belonged to defendant because he furnished all the purchase price which has been paid on the property. Some contention arose as to whether or not the court could in the trial of a suit for divorce inquire into the title of the real property involved therein. Conceding without deciding that the title to the real property could have been properly determined where the same is in dispute, we believe that the decree is correct in that it declares the plaintiff to be the owner of one half thereof. The fact that defendant furnished the purchase price, taking the title in the name of himself and wife, does not destroy plaintiff's interest therein because of the divorce proceedings. If the defendant had given the entire property to his wife he would not be at liberty to reclaim the title or to successfully claim the title because his wife seeks to procure a divorce. The presumption is that he gave the property to her: *Hayes v. Horton,* 46 Or. 597 (81 Pac. 386). That presumption has not been overcome. The evidence does not show that plaintiff acquired that title by any unfair means. It was a voluntary gift to her from defendant. Conceding that plaintiff earned no part thereof by her services as wife of the defendant, her title to that property is as secure and valid as though she had paid a valuable consideration therefor: *Reed v. Reed,* 109 Md. 690 (72 Atl. 414, 130 Am. St. Rep. 552).

Another very interesting question involves the determination of the effect of a divorce upon interest of

the party in fault in property held by husband and
wife by the entirety. That question is very ably dis-
cussed in the brief of defendant. In his behalf it is
urged that a decree of divorce operates upon the title
to real property as it stood at the instant the divorce
was granted. Up to the time of the decree both
parties owned the real property involved. Each
owned the whole thereof subject to the right of sur-
vivorship. A decree of divorce operates to change
the tenancy by entirety to an estate in common:
*Hayes* v. *Horton,* 46 Or. 597, 600 (81 Pac. 386).

"Whenever a marriage shall be declared void or
dissolved, the party at whose prayer such decree shall
be made, shall in all cases be entitled to the undivided
third part in his or her individual right in fee of the
whole of the real estate owned by the other at the
time of such decree, in addition to the further decree
for maintenance provided for in Section 513; * * . "
Or. L., § 511.

It is certain that at the time of the decree in the
instant case the defendant was the owner as a tenant
by the entirety of the Irving Apartments. His inter-
est in that property was subject to sale and convey-
ance by him subject to the right of survivorship in his
wife: *Howell* v. *Folsom,* 38 Or. 184 (63 Pac. 116,
84 Am. St. Rep. 785). He could also have encum-
bered his interest in that property: *Hayes* v. *Horton,*
above. His interest in the property was subject to
sale on execution issued upon a judgment against
him: *Ganoe* v. *Ohmart,* 121 Or. 116 (254 Pac. 203).
The conclusion, therefore, is irresistible that it was
the duty of the court under Or. L., Section 511, to
award to plaintiff one third of defendant's interest in
said Irving Apartments. As was aptly said by Mr.
Justice BEAN in *Hayes* v. *Horton,* above:

"But when the unity is destroyed by a decree of divorce, leaving both spouses surviving, the only logical conclusion is that they thereafter become tenants in common of the property, because there are two living persons in whom the title rests."

Their interest was not only equal but identical prior to the decree. Each was entitled to one half of the issues, profits and rents of the property: *Ganoe* v. *Ohmart,* above.

By the terms of that statute the plaintiff was entitled to one-third part in her individual right in fee of the Irving Apartments because the defendant owned that real property at the time the decree was rendered. Defendant does not dispute that he owned that property. On the contrary he insists that he owned it all. By operation of law upon dissolution of the marriage contract the plaintiff and defendant became the owners of the Irving Apartments as tenants in common. Under the statute the plaintiff became, by operation of the decree of divorce, the owner in fee of the one-third interest in the Irving Apartments which belonged to the defendant at the time of the divorce. But one half of that property by virtue of the decree of divorce under said Section 511 became the property of plaintiff. So that the one third of plaintiff's ownership of the Irving Apartments could operate only on the one half owned by the defendant after the decree of divorce. The title to the other half of the Irving Apartments being in the plaintiff was not affected by the one third of the whole as an estate by the entirety because the entire fee in one half thereof was vested in the plaintiff by the dissolution of the marriage contract. Designating the interest of plaintiff in defendant's ownership of the Irving Apartments is therefore a

mere matter of computation. "Things equal to the same thing are equal to each other." In no other way can the court obey the mandate of said Section 511.

It was argued that neither plaintiff nor defendant owned the Irving Apartments but the title thereof is vested in the marital status. It is claimed that this marital status is analogous to a corporation. This analogy has been used in some decisions. It is not accurate, however. A stockholder in a corporation cannot mortgage the real property belonging to the corporation. He cannot convey his interest, if any, in the real property belonging to the corporation. The real property belonging to a corporation is not subject to attachment or execution upon a judgment to secure or collect the debts owing by the stockholder. All of these qualities, however, are elements in the estate by the entirety in this jurisdiction: *Hayes* v. *Horton,* above; *Howell* v. *Folsom,* above; *Ganoe* v. *Ohmart,* above.

Different jurisdictions have made such different decisions in applying the law as to estates by the entirety that decisions from other jurisdictions are not helpful in disposing of the instant case. Arkansas and Pennsylvania both hold that a divorce does not sever an estate by the entirety: *Roulston* v. *Hall,* 66 Ark. 305 (50 S. W. 690, 74 Am. St. Rep. 97); *Alles* v. *Lyon,* 216 Pa. 604 (66 Atl. 81, 116 Am. St. Rep. 791, 9 Ann. Cas. 137, 10 L. R. A. (N. S.) 463). Michigan formerly held to the same effect: *Appeal of Lewis,* 85 Mich. 340 (48 N. W. 580, 24 Am. St. Rep. 94). Under special enactment in the last-named state disposition of an estate by the entirety where the owners are divorced is committed to the sound discretion of the court granting the divorce:

*Allen* v. *Allen,* 196 Mich. 292 (162 N. W. 987). In Arkansas the effect of a divorce is simply to divide equally between the tenants the issues, profits and rents of the realty owned by the husband and wife as tenants by the entirety. Under the common law the estate by the entirety was deemed one estate only owned between husband and wife as one person and that person was the husband. By virtue of the marriage at common law the husband became seised of all his wife's lands and tenements in his own right. So the estate by the entirety was virtually the husband's sole estate during his life. In Oregon both individuals are recognized as equal owners of the property held by the entirety. Each of the spouses is entitled to one half of the issues, profits and rents of real property held by the entirety: *Ganoe* v. *Ohmart,* 121 Or. 116 (254 Pac. 203). It thus appears very clearly that if the decision of Arkansas should be followed in this state the plaintiff in the instant case would get no part of defendant's interest in a large part of his real property. We are not permitted, as is the court in Michigan, to make an equal and equitable division of the real property between the spouses when a divorce is decreed. The statute requires the court to set apart to the prevailing spouse an undivided one-third interest in fee in all of the real property of the offending spouse: *Bamford* v. *Bamford,* 4 Or. 30. The innocent spouse acquires title to one-third interest in the real property of the offending spouse by virtue of the decree. The statute requires the court to enter a decree granting the prevailing party one-third interest in the real property of the other. The statute, however, is not self-operating. Before the court can effect the transfer of one-third interest of the real property be-

longing to the party at fault the real property must be specifically described so that the same may be identified from the decree. The decree itself is a muniment of title: *Gustin* v. *Gustin,* 79 Or. 387, 389 (155 Pac. 370); *Perkins* v. *Perkins,* 72 Or. 302, 306 (143 Pac. 995). The court has no discretion in the matter. Awarding one third of the real property of the party at fault to the other party is as much a penalty imposed upon the offending spouse as it is an award to the innocent spouse. The statute prescribes an arbitrary division of the property and this provision is mandatory regardless of whether or not the division seems equitable or just to this court.

In this state the tenancy by the entirety is severed automatically by a decree of divorce. No decree or order on the part of the court is required in order to create the spouses tenants in common as to the real property owned at the time of the decree as tenants by the entirety. The very instant the decree of divorce is granted the spouses become tenants in common as to the property formerly held as tenants by the entirety. There is no lapse of time whatever in the metamorphosis. The decree of the court, however, awarding to the innocent spouse one-third interest in the real property of the offending spouse follows the decree of divorce. The court has no authority to take the land of one spouse and give it to another, except as an incident to the divorce. Until a divorce is granted the court cannot give to one spouse an undivided one-third interest in the real property of the other spouse; consequently when the court decreed in the instant case that the plaintiff should be awarded one-third interest in the real property of the defendant, that award operated on the defendant's interest in the real property as

a tenant in common. The defendant owned the property at the time of the decree. The decree of divorce did not add to or take from defendant's interest in that real property. The spouses were equal owners of the estate by the entirety. They are equal owners thereof as tenants in common. The decree of divorce by virtue of the law merely changed the tenancy by which the plaintiff and defendant held title to the real property. It did not change the ownership at all. Hence when the court awarded one third of defendant's real property to plaintiff that part of the decree operated on the estate of the defendant as a tenant in common. The tenancy by the entirety had been severed by the decree of divorce. That very instant the plaintiff and defendant became tenants in common. The decree of divorce itself did not either diminish or increase the quantity or duration of defendant's title to the real property involved.

"It is 'whenever a marriage shall be declared dissolved' that the statute operates,—not before, or *pendente lite,*—and the court then becomes authorized and it is its 'duty' 'to enter a decree' for the undivided one-third part in fee of the whole of the real estate '*owned* by the defendant *at the time of such decree*' for a divorce.

"It must be manifest, then, that the primary object of the suit is to affect the marriage relation,— its *status,*—that it is the specific matter in controversy to be affected, and that it is only when the *status* is changed by a decree of divorce that the statute operates to divest title 'owned' by the defendants, and that it then becomes the duty of the court to enter a decree in accordance with its provisions." *Houston* v. *Timmerman,* 17 Or. 499 (21 Pac. 1037, 11 Am. St. Rep. 84, 4 L. R. A. 716).

The court could not give to the innocent spouse an undivided one-third interest in fee unless the offending spouse owned the real property in fee. Whether or not the defendant owned the real property in fee must be determined from his deed. In the instant case there can be no doubt about the deed granting to the plaintiff and defendant an estate in fee. The grantors conveyed to the plaintiff and defendant an estate in fee. They took that entire estate. Whether or not either had an estate of inheritance depended upon survivorship or a severance of the estate by the entirety. When the estate by the entirety was severed by divorce both became tenants in common in fee. Duration or quantity of their estate comes from the deed to them not from the decree. As was said by the Supreme Court of Massachusetts:

"Upon the death of the testator no estate in the property in question passed to his widow. It belonged to her from the time when the tenancy by the entirety was created. In the event that she survived her husband, upon his death she took no new title by survivorship, *but held under the deed by virtue of which she was seized of the whole.* 21 Cyc. 1198, 1199; 1 Washb. Real. Prop. (6 ed.), § 912; *Enyeart* v. *Kepler,* 118 Ind. 36 (20 N. E. 539, 10 Am. St. Rep. 94, L. R. A. 1916C, 678)"; *Palmer* v. *Treasurer and Receiver-General,* 222 Mass. 263 (110 N. E. 283, L. R. A. 1916C, 678).

Before the court could award to the plaintiff one third of defendant's interest in the real property in said lots 5 and 8 and the east half of Lot 9 in Block 9, King's Addition in Portland, it must have granted to plaintiff a divorce. That very instant they became tenants in common in fee. The court then had no discretion and must have obeyed Section

511, Or. L., by awarding to plaintiff one-third interest in fee in defendant's undivided one half in said real property. So that if time is a controlling factor defendant's position cannot be sustained. Before the court could award plaintiff an interest in defendant's real property she must have been decreed a divorce. That instant defendant became an owner of an undivided half of the real property. By virtue of said Section 511 it was the duty of the court to award to plaintiff one third of defendant's undivided half. The expression, in said Section 511, ''in fee'' is not significant. The intention of the legislature was doubtless to give to the innocent party a third of the whole of the real estate owned by the other at the time of such decree. If the offending spouse owned less than a fee the court could not give the innocent spouse a fee. There are titles in real property which are less than a fee. There are base, conditional and qualified fees: 21 C. J. 922. It cannot be contended that because the court cannot award the innocent spouse a fee simple that the court should not award an undivided third part of whatever interest the offending spouse owns. It is our opinion that the words ''in fee'' refer to the prevailing party and not to the interest the losing party had in the real property. The legislative intention was to award to the prevailing party a third part of the other's real property whatever interest that may be and without qualification or reservation. It cannot be that the learned justice who wrote the opinion in *Hayes* v. *Horton* above, intended that the words ''thereafter become tenants in common of the property'' should be construed literally where wrested from their context. That case was heard some time after the decree of divorce was rendered. He was

not considering the time the decree operated on the real property. Disposition of the real property was not made in the divorce suit. The effect of a divorce on an entirety estate was determined in an independent suit. The essence of the opinion is that the entirety estate is automatically transmitted into an estate in common by a decree of divorce. There can be no interval of time between the decree of divorce and the transmutation of the estate. The statute commands the court to award the prevailing party a third part of the *whole* of the real property of the other. We cannot obey that mandate and omit the real property held by the parties as tenants by the entirety.

Complaint is also made by the defendant because the court allowed the plaintiff for the maintenance of the minor children of the parties the sum of $100 per month. In view of the fact that substantially all of the property owned by the defendant is his interest in two apartment houses, the allowance for maintenance seems large. Plaintiff was not allowed any alimony other than the $100 per month allowed for the maintenance and education of the children. The result of the decree is that the plaintiff owns two thirds of the Irving Apartments and the defendant one third thereof. The plaintiff owns one ninth of the Arline Apartments and the defendant owns two ninths thereof. Defendant owned one-third interest in the Arline Apartments. In this connection, however, it must be remembered that the plaintiff will not be able, at least for many years, to earn money for her own support and the support of the two minor children. The children are too small to be without the constant care and nurture of their mother. Defendant can devote his entire time to

earning money. He is legally bound to support his children. The welfare of the infants in cases of this kind is of first importance. We are therefore constrained not to disturb the allowance made to plaintiff for the support of the children. If future circumstances require modification of the decree in that respect, defendant will always be at liberty to make application to that end.

The decree should be affirmed.

BELT, J., concurs in the foregoing opinion.