BROWN *v.* BROWN.

DIVORCE—ALIMONY—SUFFICIENCY OF AWARD.
　Where a wife is granted a divorce for her husband's fault, an
　award of alimony that gives her a less interest in their joint
　property than she possesses at the date of the decree is wrong.

Cross-appeals from Calhoun; Hopkins, J. Submitted
March 2, 1906. (Docket No. 179.) Decided July 3, 1906.

Bill by Lettie D. Brown against Martin E. Brown for a
divorce. From a decree determining the amount of ali-
mony, both parties appeal. Reversed.

*R. J. Kelley* and *Edward Cahill,* for complainant.
*Frank W. Clapp* and *J. M. Powers,* for defendant.

MOORE, J. The parties to this suit were married Oc-
tober 1, 1878. October 22, 1903, complainant filed her
bill against the defendant for divorce on the ground of
cruelty and adultery. A hearing was had, and a decree
of divorce granted for the cause of adultery, on the 30th
day of June, 1904. In the decree of divorce the court
reserved the consideration of alimony. Afterwards the
question of alimony was heard, and on the 31st day of
July, 1905, a decree was made allowing the complainant
the sum of $3,500 as a permanent alimony, upon condi-
tion that complainant convey to the defendant all her
title and interest in certain pieces of property, some of
which stood in the joint name of the parties as husband
and wife, some in the name of complainant, and some in
the name of defendant. Complainant claims the allow-
ance was too little. The defendant claims it was too
large. Both parties appeal.

It is the claim of defendant's solicitors that his property
and that in which he has an interest amounts to but

$31,800, and that his liabilities, including the amount of this decree, are upwards of $40,000.

It is the claim of the solicitors for complainant that defendant underestimates the amount of his property and overestimates the amount of his debts.

Without attempting to analyze the testimony contained in the voluminous record, it may be said there are some pieces of property about which there is not very much dispute. The title to the homestead is in the name of the complainant and defendant. The parties are substantially agreed that it is worth $7,000 and is unincumbered. The title to the Moon Block is in the complainant, it having been placed there by defendant. It is worth about $8,000 and is incumbered nearly $6,000. The Brown-Sweet Block is worth in the neighborhood of $8,000 and is incumbered for nearly $4,000. The title is in Mr. Brown. The latter also has an interest worth $500 in the Grace Brown property, and an interest of like value in the Foster Park contract. He is the owner of a newspaper, printing presses, machinery, and stock in connection with the publishing business. The witnesses are not agreed as to the value of this business and plant. It is covered by a bill of sale to the bank to secure the payment of an indebtedness which it is claimed is for a larger amount than the property is worth.

Without pursuing the questions of values further, some deductions may be made. The complainant is two years younger than defendant. The title to the homestead is just as much in her as in defendant. Calling her interest one-half, for the purpose of ascertaining its value, her interest in the homestead is $3,500. The title of the Moon Block is in the complainant. The margin in this property over the incumbrance may be fairly called $2,000. The margin in the Brown-Sweet Block over incumbrance is $4,000. It may be safely assumed that defendant will receive some profit from the very large business he is doing. Having wronged his wife in the way he has, and deprived her of a home, we think he should contribute

something toward enabling her to establish a new one. A decree which does not allow her as much property as she now possesses is wrong. The decree should be so modified as to give to complainant the title to the homestead upon the condition stated in the decree below.

The decree is reversed, and one may be entered here in accordance with this opinion, with costs to complainant.

CARPENTER, C. J., and McALVAY, BLAIR, and OSTRANDER, JJ., concurred.