McALVAY, C. J., and GRANT, BLAIR, and OSTRANDER, JJ., concurred.

----

JESKE *v.* JESKE.

DIVORCE—ALIMONY—PROPERTY RIGHTS—ESTATE BY ENTIRETY.
  Under section 8640, 3 Comp. Laws, on granting a divorce, real
    estate held by the parties as tenants by the entirety may be
    divided.

Appeal from Wayne; Brooke, J. Submitted January 16, 1907. (Docket No. 44.) Decided March 5, 1907.

Bill by Augusta Jeske against Emil Jeske for a divorce. From the decree rendered, complainant appeals. Affirmed.

Complainant obtained a decree of divorce on July 11, 1905, from the defendant, on the ground of extreme cruelty. He was at the time 55 years of age. They

were married in November, 1874. They had six children; their ages ranging from 8 to 29 years. Two were minors, aged 8 and 12. The sole property of the defendant was the household goods, a small stock of groceries, and some lands which he and his wife held as tenants by the entirety. The court decreed the complainant, in lieu of a money allowance for alimony, all the household goods and personal property, and that the real estate should be divided equally between them. From this decree the complainant has appealed.

*William Look*, for complainant.

*Goodson & Houck*, for defendant.

GRANT, J. (*after stating the facts*). Counsel for the complainant insists that an estate by the entirety is not affected by a decree of divorce, citing *Lewis' Appeal*, 85 Mich. 340. After that decision was rendered, the legislature amended section 27 of the divorce law, by providing that:

" The court in lieu of a money allowance may decree such a division between the husband and wife of the real and personal estate of the husband, or of the husband and wife by joint ownership or right as he shall deem to be equitable and just." 3 Comp. Laws, § 8640.

Complainant and defendant by the common law are tenants by the entirety, and no act of either could affect the right or interest of the other. The statute was undoubtedly enacted to meet cases like the present. It changes the common law to the extent of holding that courts of equity may, in divorce proceedings, provide for such division of the property as is equitable. By the decree the complainant obtains all the personalty and half of the real estate with which to support herself and her two minor children. We think this division of the property a just one, and such as was authorized by the statute.

The decree is affirmed. No costs will be allowed.

McALVAY, C. J., and CARPENTER, HOOKER, and MOORE, JJ., concurred.