BRASCH *v.* BRASCH.

1. DIVORCE—ESTATE BY ENTIRETY—HUSBAND AND WIFE—JURIS-
   DICTION TO AWARD ALIMONY.
   While the court in a divorce suit has authority to award ali-
   mony out of real property owned by the entirety, the interest
   of the wife cannot be diminished.  3 Comp. Laws, § 8640.

2. SAME—DECREE—STATUTES.
   A sum in excess of the value of the wife's interest will be pre-
   sumed to have been awarded in lieu of dower under Act No.
   259, Pub. Acts 1909.

3. SAME—ALIMONY—SUFFICIENCY.
   Twelve hundred dollars awarded to the wife in gross is not in-
   adequate out of property of the husband and out of the joint
   estate to neither of which had the wife contributed, where
   the entire property was worth about $5,000, was subject to
   certain mortgages aggregating $900, and where the husband
   was much older than the wife and had six children depend-
   ent on him.

4. SAME—DECREE—LIEN—MORTGAGE.
   But it was not a proper method to secure the payment of ali-
   mony to decree that the husband execute a second mortgage,
   maturing in three years at six per cent. interest, upon the
   joint estate; in lieu whereof it is ordered that the alimony be
   paid in sixty days, and that it constitute a lien on all the
   real and personal property.[1]

Appeal from Wayne; Donovan, J.  Submitted Janu-
ary 10, 1912.  (Docket No. 29.)  Decided February 10,
1912.

Bill by Siegmund C. Brasch against Charlotte Brasch for
divorce.  Upon a cross-bill filed by defendant a decree of

[1] Validity of provision in decree for alimony declaring a lien on
husband's personalty, see note in 30 L. R. A. (N. S.) 1062.
   Money decree for permanent alimony or separate maintenance as
lien on real property, see note in 25 L. R. A. (N. S.) 132.

divorce was awarded her and from the alimony fixed she appeals. Modified and affirmed.

*H. H. Greenberg* and *Geo. X. M. Collier,* for complainant.

*Sloman & Sloman,* for defendant.

BROOKE, J.   This is a divorce case in which defendant and cross-complainant secured a decree upon the ground of extreme cruelty.   She has appealed from that portion of the decree fixing alimony, which is as follows:

"And it is further ordered, adjudged, and decreed that the said Siegmund C. Brasch pay to the said Charlotte Brasch the sum of $1,200 in manner following:   He shall execute at once a second mortgage to be paid on or before three years from date, with 6 per cent. interest, payable semi-annually, and the said Siegmund C. Brasch shall have the right to pay the entire sum at any time before said three years at his option.   Said second mortgage shall be given upon the real estate now owned by complainant and defendant jointly, described as follows: Lot No. 12 of J. W. Johnson's subdivision of Brevoort farm north of Michigan avenue, being the eastern five-twelfths part of private claim No. 20, being in the city of Detroit, Wayne county, Mich."

The parties were married in August, 1908.   Within one month the wife left, or was compelled to leave, her husband, and remained away from him nearly three months, during which time she filed a bill for divorce against him. This cause was adjusted between the parties, and she returned to her husband in December, 1908, and marital relations were resumed.   At the time of her return her husband caused the title to a certain piece of real estate, located upon Michigan avenue, to be placed in the names of himself and wife as tenants by the entirety.   The parties lived together on this occasion until July, 1909, a period of about six months, since which time they have been separated.   The entire estate owned by the husband at the time of the decree had been accumulated by

him prior to his marriage with the cross-complainant. It was found by the circuit judge (and with this finding we agree) to consist of the following items: (*a*) The Michigan avenue property, the title to which was held by the entirety, worth $3,000 and subject to two mortgages, aggregating $900. (*b*) A contract interest in a house and lot on Henry street upon which complainant had paid $1,800; (*c*) Personal property of the value of $232.

Deducting the amount of the mortgage from the value of the Michigan avenue property, a balance of $2,100 is found, in which the wife has a one-half interest, which may not be diminished in this proceeding. *Brown* v. *Brown*, 144 Mich. 654 (108 N. W. 288); *Delor* v. *Delor*, 159 Mich. 624 (124 N. W. 544).

The court had authority to deal with the property held by the entirety under 3 Comp. Laws, § 8640. *Jeske* v. *Jeske*, 147 Mich. 367 (110 N. W. 1060).

There being a sum included in the decree in excess of the value of the estate owned by the wife in the realty, it may be presumed that that sum was added in lieu of dower, in accordance with the provisions of section 1, Act No. 259, Pub. Acts 1909.

It is urged by counsel for appellant that the provision made in the decree is grossly inadequate. We are of opinion that it is a just award when due consideration is given to all the facts. In the first place, the wife in no wise contributed to the accumulation of any part of the estate; secondly, she is still a young woman unincumbered by children, thirdly, the husband is much older and has dependent upon him for support six children, all minors. *Cummings* v. *Cummings*, 50 Mich. 305 (15 N. W. 485).

While the amount of the award is not open to criticism, the time of its payment and the method of securing it adopted by the court should, we think, be changed. A decree will be entered in this court fixing the title to the Michigan avenue property in the husband alone. The award of $1,200 shall be paid within 60 days from the entry of the decree, and the amount thereof shall consti-

tute a lien upon all the real and personal property of the complainant. A solicitor's fee of $35 in addition to taxable costs is allowed to appellant.

MOORE, C. J., and STEERE, MCALVAY, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.