ALLEN v. ALLEN.

1. DIVORCE — DIVISION· OF PROPERTY — STATUTES — DISCRETION OF COURT.

Under Act No. 259, Pub. Acts 1909 (4 How. Stat. [2d Ed.] § 11496 et seq., 3 Comp. Laws 1915, § 11437 et seq.), providing that every husband and wife owning real estate as joint tenants or tenants by entireties shall, upon being divorced, become tenants in common of such real estate unless the ownership thereof is otherwise determined by the decree of divorce, which was declaratory of the former law and was intended to provide for an equitable distri-

bution of the whole property held by the parties irrespective of the character of the tenancy, a court may award the whole or any part of the lands held by the parties as tenants by the entireties to either of the parties.

2. SAME—DECREE—EQUITY.

An award under the statute must be equitable in the light of the facts and circumstances surrounding each case, and where there is neither allegation nor proof of a wife's adultery and the property held by entireties is all that is owned by either spouse, a decree awarding the husband the whole of such property is inequitable and the property should be decreed to be held in common.[1]

Appeal from Wayne; Codd, J. Submitted January 9, 1917. (Docket No. 65.) Decided May 31, 1917.

Bill by Bertha Allen against Charles E. Allen for a divorce. Defendant filed an answer and cross-bill praying therein for a divorce. From a decree for defendant, plaintiff appeals. Affirmed in part, and reversed in part.

*Henry F. Chipman*, for plaintiff.
*Louis W. McClear*, for defendant.

BROOKE, J. Plaintiff filed her bill for divorce against defendant upon the grounds of extreme cruelty and nonsupport. To this bill of complaint defendant filed an answer and a cross-bill. In the cross-bill defendant set out certain alleged facts which he claimed constituted as to him such extreme cruelty as to entitle him to a decree of divorce against the plaintiff. Adultery on the part of the wife was neither charged in the bill nor proven upon the hearing. It appears from the record that the parties were the owners as tenants by the entireties of a certain lot described as lot No. 460, Kason's Palmer Park subdivision of part of fractional section 14, town 1 south, range 11 east,

[1]On effect of divorce on property held by the entireties, see notes in 30 L. R. A. 333; 10 L. R. A. (N. S.) 463; L. R. A. 1915C, 396.

of the value of about $800. The court below made a decree dismissing plaintiff's bill of complaint and granting a divorce to the defendant on the ground of extreme cruelty, and awarded to the defendant the whole of the lot held by the parties by the entireties and to the plaintiff the sum of $1—

"in lieu of any and all dower rights which said complainant and cross-defendant now has or may hereafter have in any and all real estate which said defendant and cross-complainant now owns or may hereafter acquire."

A stipulation was thereafter entered into between counsel for the respective parties as follows:

"This case having been heard and decree entered wherein certain real estate held jointly by the parties hereto under the decree in said cause by said decree was taken from complainant and given to defendant, over the objections of complainant, it is hereby stipulated and agreed that in the printing of the record in the above-entitled cause that the same shall be simplified and abbreviated as far as possible, suitable to the attorney for defendant; it being agreed and understood that there shall be but one question raised in the appeal, viz.: Can the court take from complainant her one-half interest in joint property held with defendant? It is the purpose of this appeal to have this one question decided by the Supreme Court of the State of Michigan; other issues in the case being limited by stipulation for the purpose of saving costs to either party.

                    "ROY HERALD,
          "Solicitor for Complainant.
"LOUIS W. MCCLEAR,
   "Solicitor for Defendant.
   "Dated this 2d day of September, A. D. 1915."

The statute covering the question of alimony generally will be found in 3 Comp. Laws, § 8640 (3 Comp. Laws 1915, § 11416), in part as follows:

"The court in lieu of a money allowance may decree such a division between the husband and wife of the

real and personal estate of the husband or of the husband and wife by joint ownership or right as he shall deem to be equitable and just."

Act No. 259, Pub. Acts 1909 (3 Comp. Laws 1915, §§ 11437, 11438), provides as follows:

"Every husband and wife owning real estate as joint tenants or as tenants by entireties shall, upon being divorced, become tenants in common of such real estate, unless the ownership thereof is otherwise determined by the decree of divorce.

"The bill of complaint or amendment thereto, or the answer or cross-bill or amendment thereto, filed in any divorce proceeding may ask that the ownership of the lands described therein and owned by the parties to such suit as joint tenants or as tenants by entireties shall be determined by the decree of divorce, if granted, and in such case the court granting the divorce may award such lands to one or the other of said parties, or any part of it to either of them, or may order such lands to be sold under the direction of a circuit court commissioner, and the proceeds thereof divided between the parties in such proportion as the court shall order; or may appoint commissioners to partition such lands between said parties in the proportion fixed by the decree. The proceedings following the appointment of such commissioner shall conform to the law governing the partition of lands between tenants in common."

In the case of *Delor* v. *Delor*, 159 Mich. 624, 628 (124 N. W. 545), decided December 15, 1909, after the passage of the act in question, this court said:

"The real estate is owned by the entireties, and it is not competent for the court in fixing alimony to diminish the estate owned by the wife in the realty."

In the case of *Brasch* v. *Brasch*, 168 Mich. 459 (134 N. W. 450), decided in February, 1912, it was said:

"Deducting the amount of the mortgage from the value of the Michigan avenue property (held by the entireties) a balance of $2,100 is found, in which the wife has a one-half interest, which may not be diminished in this proceeding" (citing *Brown* v.

*Brown,* 144 Mich. 654 [108 N. W. 288], and *Delor* v. *Delor, supra*).

No mention is made of Act No. 259, Pub. Acts 1909 (3 Comp. Laws 1915, § 11436 *et seq.*), in either the *Delor Case* or the *Brasch Case.* It is apparent, therefore, that the statute received no construction in those opinions. The language of the statute is unambiguous, and clothes the court with plenary authority to award the whole or any part of the lands held by the parties as tenants by the entireties to either of the parties. The purpose of the legislation was undoubtedly to provide for an equitable distribution of the whole property held by the parties irrespective of the character of the tenancy. The statute is, in effect, declaratory of the law as it had already been held to exist by this court. *Jeske* v. *Jeske,* 147 Mich. 367 (110 N. W. 1060).

But granting the power of the court to award the whole of the property so held to either spouse, such award must be equitable in the light of the facts and circumstances surrounding each case. In the case here under consideration, where there is neither allegation nor proof of the adultery of the wife, and where it is apparent from the record that the property held by the entireties is all of the estate owned by either spouse, we are of opinion that a decree, taking from the wife her entire interest in the property and giving it to the husband, is wholly inequitable.

The decree of the lower court upon this point will therefore be reversed, and a decree will be entered in this court by the terms of which the title to said lot will be placed in plaintiff and defendant as tenants in common. In other respects the decree of the court below will stand affirmed. Plaintiff will recover her costs of this appeal.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.