## BERNESKE *v.* BERNESKE.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE—SUFFICIENCY.

     In wife's suit for divorce, undisputed evidence *held*, sufficient to establish her charge of extreme cruelty and to entitle her to a decree.

2. SAME—DESERTION—WIFE ORDERED FROM HOME NOT GUILTY OF DESERTION.

     A wife who left home because her husband ordered her out and told her to stay out was not guilty of desertion entitling him to a divorce.

3. SAME—EXTREME CRUELTY—PREPONDERANCE OF EVIDENCE.

     Allegations of extreme cruelty in husband's cross-bill, *held*, not established by a preponderance of the evidence.

4. SAME—WIFE ENTITLED TO HOUSEHOLD GOODS PAID FOR BY HER.

     Where the undisputed evidence shows that the wife bought the household goods and paid for them with money which she earned, she is entitled to them on being granted a divorce.

5. SAME—ALIMONY—DIVISION OF PROPERTY.

     Where the husband has collected all of the rent of a house awarded to the wife, he is required to pay all taxes and assessments thereon up to and including the date of the decree.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 9, 1926. (Docket No. 24.) Decided October 4, 1926.

Bill by Gertrude M. Berneske against William F. Berneske for a divorce. Defendant filed a cross-bill for a divorce. From a decree for defendant, plaintiff appeals. Reversed, cross-bill dismissed, and decree entered for plaintiff.

Divorce, 19 C. J. §§ 120, 367, 776 (Anno), 778 (Anno); 18 L. R. A. (N. S.) 304; 34 L. R. A. (N. S.) 360; 9 R. C. L. 334 *et seq.;* 5 R. C. L. Supp. 509.

*Maurice F. Paterson* (*Don Windiate,* of counsel), for plaintiff.

*J. Charles Wood* and *Harry H. MacCord,* for defendant.

McDonald, J.    These parties were married on August 24, 1898, and lived together until September 1, 1920.    Eight children were born of the marriage. On June 25, 1923, the wife filed a bill for divorce, charging the defendant with extreme cruelty.    The defendant made answer and during the hearing was permitted to file a cross-bill in which he charged extreme cruelty, neglect of her home, desertion and association with men of evil repute.    After hearing the testimony the circuit judge dismissed her bill and granted the defendant a decree on his cross-bill.    The parties owned by the entireties a house and lot in the city of Detroit, and a small farm of 16 acres near the city in Macomb county.    The decree gave the plaintiff the city property and the defendant the farm. The plaintiff has appealed.

After a careful reading of the record we are convinced that the conclusions reached by the circuit judge are not supported by the evidence.    The defendant was charged with extreme cruelty.    The undisputed evidence sustains that charge.    The plaintiff testified:

"He struck me at different times, called me all kinds of names, accused me of other men, his son for one. On one occasion he hit me on the back of the neck and shoulders when I was alone with him, on another occasion he struck me on the side of the face, knocked me against the woodwork and left a mark on my face for a week.    He called me a ———— of———— for years and anything else he could think of, accused me of having improper relations with his brothers and my eldest son.    *    *    *    I had him arrested once when he struck me.    *    *    *    Defendant threatened to kill me more than once.    *    *    *    I had one child after another and I could not get away from him."

This testimony is undisputed.    Some of it is corroborated by other witnesses.    The defendant, who was a witness, made no denial of it.    One of the first things he said when called to testify was:

"I have been arrested and convicted on account of my family."

A son, Edward Berneske, 24 years of age, an inmate of Jackson prison, gave his deposition.    He said:

"I was with father on the farm; he was drunk the biggest part of the time; we could not get along. * * * Father never treated us children kindly; when there was work to do or he did not feel right he clubbed us around; he would keep us up nights and when we got sleepy he would knock us down; he knocked me down plenty of times, with a piece of scantling at one time by striking me over my head; he knocked me unconscious twice.    I was working for him on the farm, pruning an apple tree.    I fell out and broke both arms; we had an argument; he picked up a cup and threw it at me.    I could not defend myself with both arms broken.    Mother could not do much to help me for he would fly at her if she did. * * * Father practically ever since I can remember has been cursing from morning to night."

This testimony was not disputed by the defendant or any other witnesses.    Nearly all of the charges upon which the plaintiff bases her right to a decree are supported by considerable evidence, and are not denied by the defendant.    In view of this fact, the circuit judge was clearly wrong in finding that the plaintiff had failed to establish the material allegations of her bill by a preponderance of the evidence.    He was also mistaken in finding that she deserted the defendant when they were living on the farm.    She explains that he abused her and told her "to get to hell out of there and stay down town."    If this testimony is true and we assume that it is because it is not denied by the defendant, there is no evidence to support the finding of the court that she deserted

him.    It is not necessary to further discuss the testimony.    From our examination of the record we are convinced that the defendant has utterly failed to establish, by a preponderance of the evidence, the charges alleged in his cross-bill.    On her part, the plaintiff has shown by undisputed evidence many acts of cruelty that entitle her to a decree.

Complaint is made by the plaintiff that as to the division of the property the decree is inequitable.    In many particulars this is a very unsatisfactory record. Many matters that must have been capable of definite proof are only slightly referred to, and some not at all.    In dividing the real estate between the parties, the circuit judge evidently did the best he could with the evidence before him.    We are not inclined to disturb his findings in this respect.    As to the household goods it does appear, by the undisputed evidence, that the plaintiff bought and paid for them with money which she earned.    They belong to her and the decree should have so provided.

A decree will be entered in this court granting the plaintiff a divorce on the ground of extreme cruelty. The cross-bill of the defendant will be dismissed.    The real estate will be divided in accordance with the decree of the circuit judge.    The household goods will be awarded to the plaintiff.    As the defendant has been receiving all of the rents from the house in the city of Detroit, he will pay all taxes and assessments on that property up to and including the date of the decree.    He will also pay all alimony that may be due and unpaid at that time.    He will pay the costs of this suit in both courts, and an attorney fee of $100 to the plaintiff's counsel.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.