RIFENBURG *v.* RIFENBURG.

DIVORCE—DIVISION OF HOMESTEAD OWNED BY ENTIRETIES.

  Decree of divorce to wife, ordering sale of homestead owned by the parties by entireties, and truck and automobile owned by husband, and, after payment of his debts, balance to be divided equally between them, is set aside, on appeal, and decree entered dividing homestead equitably, in accordance with 3 Comp. Laws 1915, § 11437.

Appeal from St. Joseph; Johnson (Clayton C.), J. Submitted April 4, 1929. (Docket No. 55, Calendar No. 34,279.) Decided June 3, 1929.

Bill by Bertha Rifenburg against Leonard Rifenburg for divorce. From a decree granting plaintiff a divorce, she appeals as to division of homestead. Decree as to disposition of homestead set aside, and one entered in accordance with opinion.

*Hagerman & Miller,* for plaintiff.

*George H. Arnold,* for defendant.

FELLOWS, J. This appeal brings up the question of alimony awarded plaintiff in this suit for divorce, or, more accurately stated, the manner in which the homestead owned by the parties as tenants by the entireties, and the property owned by the defendant was disposed of by the decree appealed from. The record establishes beyond doubt that plaintiff was entitled to a decree of divorce. In fact the decree of divorce is not questioned. The homestead is worth at an outside figure $1,500; probably it would sell for some less. Defendant owns a seven-year-old truck. It is alleged in the pleading that it is worth from $800 to $1,000. Upon the hearing, defendant testified that from $400 to $500 was necessary to put it in shape for operation, and that without such improvements it was worth $200. This was not disputed. Defendant had earned good money when using it in the summer months hauling material for road building, but when the case was heard, he was earning but $15 to $18 a week. Defendant also owned an old automobile worth $50. They had household furniture which was given the wife. Defendant owed $190 to the bank, and be-

tween $800 and $900 to his brothers. As we understand the record, the latter sum was for the balance due on the truck. The decree orders the homestead, the truck, and the automobile sold by the circuit court commissioner, and after discharging the expenses of the sale, the commissioner was ordered to pay the note at the bank, the note held by defendant's brothers, and after the deduction of these items, the balance, if any, arising from the sale was to be divided as follows: one-half to plaintiff and one-half to defendant, the latter sum to be subject to the payment of an attorney fee to plaintiff.

Allowances to be made in divorce cases are not made by any fixed rule. And it frequently happens that the less there is to divide the more difficult the problem. It is doubtful in the instant case if the property of these parties would, on forced sale, realize sufficient to pay the debts. As we are satisfied on this record that the sale of the homestead and the application of the proceeds to the payment of debts of defendant was unauthorized and must be set aside, it becomes necessary for us to here make a decree by which the little property these parties have shall be distributed as equitably as possible. We are satisfied that the statute (3 Comp. Laws 1915, § 11437) makes an equitable disposition of the homestead. See *Allen* v. *Allen,* 196 Mich. 292. Plaintiff should have the household goods; the allowance for support of the children will not be disturbed; the amount allowed for attorney fee is approved. Defendant should pay the cost of printing the record and brief in this court.

A decree will be here settled in accordance herewith.

North, C. J., and Fead, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.