## YOUNG *v.* YOUNG.

DIVORCE—ALIMONY.

In wife's suit for divorce, decree awarding her half interest in two-family flat, valued at $4,000, is modified, on appeal, under circumstances of case, and she is awarded $500 as alimony in gross and in lieu of dower.

Appeal from Wayne; Moll (Lester S.), J. Submitted October 8, 1931. (Docket No. 54, Calendar No. 35,665.) Decided December 8, 1931.

Bill by Kate Young against Steve Young for divorce. Cross-bill for divorce by defendant. Decree for plaintiff. Defendant appeals. Modified and affirmed.

*Stephen Tittenhofer,* for plaintiff.

*John H. Flancher,* for defendant.

As to amount of permanent alimony on absolute divorce, see annotation in 44 L. R. A. (N. S.) 998.

CLARK, J. The bill and the cross-bill each pray divorce on the ground of cruelty. Plaintiff had decree. Defendant has appealed.

The parties were married June 27, 1929, and separated September 5th, following. She was 51 years old, he, a widower, 61. She had been married twice before, and was divorced on June 12, 1929. There is enough testimony to sustain decree as to divorce, and, as there is no serious contest in that regard, we pass to the award of alimony in gross.

Defendant owned a two-flat house on Freer avenue, cash value near $4,000, and another two-flat house, cash value $3,800. He had nearly $1,000 in the bank. Soon after the marriage, title to one of the houses, called Freer avenue property, was changed to create an entirety estate in the parties. There are no incumbrances, except possibly taxes. Defendant is a cripple, has not been able to work for a number of years. He lives in one of the flats and rents the others when he can. The gross monthly income from the three flats, when all are rented, is $103, net income not given. Plaintiff contributed nothing toward defendant's accumulation of property. There is no claim that plaintiff, ten years younger than defendant, is not in good health. The trial judge said of her:

"It may, therefore, be concluded that plaintiff was somewhat of the adventuress type, who was actuated in marrying the defendant by a desire to acquire an interest in his property."

The award to plaintiff, except as to costs, was to permit her to have half interest in the Freer avenue property as tenant in common.

Considerations which obtain in determining an award of alimony are set forth in *Bialy* v. *Bialy*, 167

Mich. 559 (Ann. Cas. 1913A, 800), and need not be repeated.

Considering the conduct of the parties, their age, the very short duration of the marriage, and their comparative health, and other facts stated, we think the decree should be modified to vest title to all the property in defendant, that he pay plaintiff. $500 within a short time to be fixed by decree, which is an award of alimony in gross and in lieu of dower and to be a lien on Freer avenue property. *Allen* v. *Allen,* 196 Mich. 292. *Shered* v. *Shered,* 172 Mich. 222.

Except as modified, the decree is in all things affirmed, without costs.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.