HOFFMAN *v.* HOFFMAN.

Divorce—Extreme Cruelty—Evidence.

Finding of trial judge that, although defendant husband drank too much, plaintiff wife was guilty of unjustifiable coldness toward him and not entitled to a divorce is not disturbed under record presented, as the trial judge was in a better position than an appellate court to determine the truth or falsity of conflicting testimony on issue of extreme cruelty.

Appeal from Muskegon; Elliott (Philip), J., presiding. Submitted October 5, 1950. (Docket No. 54, Calendar No. 44,869.) Decided January 8, 1951.

Bill by Ellen V. Hoffman against Lewis C. R. Hoffman for divorce on ground of extreme and repeated cruelty. Decree for defendant. Plaintiff appeals. Affirmed.

*Alexis J. Rogoski,* for plaintiff.

*Fox & Beers,* for defendant.

Dethmers, J. Plaintiff appeals from a decree dismissing her bill of complaint for divorce. She testified that defendant made unreasonable demands upon her for sexual intercourse at times when she was exhausted from the day's work in her husband's tavern. Defendant denied this, but testified that his

REFERENCES FOR POINTS IN HEADNOTES
17 Am Jur, Divorce and Separation, §§ 68, 85, 233, 238.

wife had "become cold towards" him and, according-
ly, refused his reasonable, infrequent requests in
that regard. Plaintiff claimed that defendant used
obscene language in her presence, cursed at her,
called her vile names, on one occasion struck her,
for long periods refused to talk to her, drank ex-
cessively, was abusive and quarrelsome toward her,
and frequently urged her to apply for divorce. De-
fendant denied that he drank excessively, claimed
that his wife drank the same as he, and insisted that
he hit her but once and that only a slight, intimate
slap, and that that act, as well as his quarreling
with and harsh language toward her or refusal, at
other times, to talk to her at all, and the other con-
duct complained of by plaintiff, were all occasioned
by her coldness toward him and occurred only be-
cause of and upon her refusal to have sexual rela-
tions with him. She, on the other hand, asserted
that her coldness and refusals were due to his un-
kindness toward her.

While a reading of the record might well incline
to the belief that the husband was the more serious
offender of the two, a conclusion in that regard in-
volves the acceptance of some testimony in the rec-
ord as true and the rejection of other as untrue.
The trial judge was in a better position than are we
to determine the truth or falsity of the various bits
of conflicting testimony. He found in his opinion
that, although defendant drank too much, plaintiff
was guilty of unjustifiable coldness toward her hus-
band. We cannot say that the record convinces us
that the trial judge erred in his determination of
the facts and consequent opinion that plaintiff was
not entitled to a divorce.

Decree affirmed.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR,
BUSHNELL, and SHARPE, JJ., concurred.