REITZ v. REITZ.

1. DIVORCE—DIVISION OF PROPERTY—TANGIBLE PERSONALTY.
   Trial court's division of tangible personal property of parties to suit for divorce *held*, fair and equitable, where wife was given household appliances and some of the furniture and husband other furniture, boat, motor and automobile.

2. SAME—DIVISION OF PROPERTY—REALTY.
   Provision of decree of divorce giving each party an undivided 1/2 interest in real estate theretofore held as tenants by the entireties *held*, proper at termination of marriage of over 20 years' duration.

3. SAME—DIVISION OF PROPERTY—SECURITY OF LIVING FOR THE WIFE.
   There is no rigid rule of division of property in divorce proceedings, the major consideration being the security of living for the wife.

4. SAME—DIVISION OF PROPERTY—PREVIOUSLY OWNED PROPERTY—INHERITED PROPERTY.
   A wife in suit for divorce may be entitled, under certain circumstances, to share in property owned by the husband prior to marriage or inherited after marriage.

5. SAME—DIVISIONS OF STOCKS AND SECURITIES.
   Wife is accorded $4,000 out of balance of bonds and securities worth $11,303, rather than $2,000 accorded by trial court,

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 17 Am Jur, Divorce and Separation § 445.

where joint holdings of $14,518 had been reduced by a disposal netting each party $1,607.50, husband had owned previously to marriage or inherited $6,000, marriage was of 20 years' duration, 1 child had been born, wife had worked outside of the home and had kept boarders and served meals to teachers and cessation of the family life was due to defendant husband's misconduct.

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted October 13, 1953. (Docket No. 76, Calendar No. 45,859.) Decided November 27, 1953.

Bill by Hazel Reitz against Howard G. Reitz for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. She appeals, claiming inadequate property settlement. Modified and affirmed.

*R. G. Goembel,* for plaintiff.

*Ralph G. Birkhold,* for defendant.

SHARPE, J. Plaintiff obtained a decree of divorce from defendant. The parties failing to agree upon a property settlement, the court made a division of the property. This appeal by plaintiff concerns only the property settlement.

Plaintiff and defendant were married in 1930, and as a result of this marriage one child was born, namely, Delores M. Reitz, born October 29, 1932. At the time of the divorce proceedings the daughter was attending a business college in Kalamazoo. The parties separated June 30, 1950. The record shows that defendant never had a fatherly interest in his daughter. He failed to buy her clothing or let her ride in his automobile. During the married life of the parties plaintiff worked about 6 months in Otsego and 3 years in Kalamazoo. She also kept boarders and served meals to teachers.

Defendant also worked steadily, but never earned large wages. It appears that in January, 1949, the parties had in their joint holdings, bank deposits, and bonds, the sum of about $14,518, and since the divorce proceedings were instituted, each of the parties, by order of the court, disposed of bonds which netted each party the sum of $1,607.50. At the time of the decree the parties jointly owned a home of the approximate value of $7,500, and a balance of $11,303 in bonds and securities, as well as certain personal property.

The trial court entered a decree by which he divided the personal property of the parties. Under such division plaintiff received:

"One  General Electric Refrigerator.
"One  range cookstove.
"The  radio.
"The  sewing machine.
"The  3-piece living room suite.
"The  bedroom suite.
"The  metal cabinets.
"The  fruit jars.
"The  Hoover sweeper.
"The  living room rug.
"The  dining room rug.
"The  pink glassware.
"The  wall-type can opener.
"The  french-fryer.
"The  waterless cooker.
"The  metal door stop.
"The  bird house.
"The  set of 6 blue-rimmed cups and saucers.
"The  cedar chest.
"The  electric iron.
"The  roaster.
"The  white glassware set.
"The  shower curtains.
"The  hassock.
"The  kitchen table.

"The coffee maker.
"The G.E. pad and hot water bottle.
"The clothes tubs.
"The lamp.
"One antique stand."

and defendant received:

"The piano.
"The bed.
"The dresser.
"The dining room suite.
"The boat and motor.
"The 1941 Pontiac automobile, engine #271534, serial #8JA5016."

In our opinion the division of the personal property was fair and equitable, and the decree making such division is affirmed.

The decree also provided:

"It is further Ordered, Adjudged and Decreed that the house and lot at Summer Home park, Long Lake, Portage township, Kalamazoo county, Michigan, and which house and lot is described as follows:

"All that certain piece or parcel of land situated in the township of Portage, county of Kalamazoo and State of Michigan and more particularly described as lot 12 of the plat of Summer Home park according to the recorded plat thereof.

and which the parties heretofore owned as tenants by the entireties shall hereafter be owned by the parties as tenants in common and that, accordingly, Hazel Reitz shall hereafter own an undivided ½ interest in the above described real estate and defendant, Howard G. Reitz, shall hereafter own an undivided interest in the above described real estate.

"In the event that either or both of the parties do not desire to continue to be a tenant in common in the above described real estate then their interest shall be determined as follows. Each party shall select an appraiser and which 2 appraisers shall select a third appraiser. The 3 appraisers shall ap-

praise the property and agree upon an appraised value. Either party may purchase the other party's ½ interest in the premises by paying to said other party ½ of the appraisal price. In the event that both parties desire to purchase the premises then the property may be sold to the party who will bid the highest price therefor.

"In the event that neither party desires to purchase the premises then the premises shall be listed upon the request of either party for a price to be mutually agreed upon with a reputable realtor and said premises shall be sold as soon as possible and the net proceeds therefrom equally divided between the parties."

We also affirm the trial court as to the disposition of the real estate.

The trial court also provided the following as to the division of the bonds and other securities as follows:

"It is further ORDERED, ADJUDGED AND DECREED that the defendant, HOWARD G. REITZ, shall forthwith pay to the plaintiff, HAZEL REITZ, the sum of $2,000.

"It is further ORDERED, ADJUDGED AND DECREED that upon the payment of the above mentioned $2,000, the defendant, HOWARD G. REITZ, shall be the sole and absolute owner of all of the cash and securities which amounted to $14,518 on January 3, 1949, which remains on hand and in the possession of the defendant, and that any and all interest of the plaintiff in the remainder of the $14,518 is terminated upon the payment of the above mentioned $2,000."

It should be noted that the sum of $14,518, mentioned in the decree, should be the sum of $11,303, as both plaintiff and defendant disposed of bonds of the value of $3,215, of which each received the sum of $1,607.50.

It also appears that prior to the marriage defendant had certain moneys on deposit in banks, and that

after marriage he inherited certain moneys, the total of which the trial court found to be approximately $6,000. The trial court, in making a division of the property, determined that plaintiff was not entitled to any part of the $6,000.

Plaintiff appeals and urges that the trial court was in error in failing to allow her to share in the property or money which defendant had at the time of the marriage or which he inherited.

It is the accepted rule in this State that there is no rigid rule of division of property in divorce proceedings, the major consideration being the security of living for the wife. See *Mayer* v. *Mayer,* 266 Mich 241. See, also, *Robinson* v. *Robinson,* 275 Mich 420, and *Hallett* v. *Hallett,* 279 Mich 246. In coming to our conclusion as to the rights of the parties, we do not overlook the fact that the cessation of the family life was caused by defendant's misconduct, and that it is his duty to furnish to the extent of his ability the needs that plaintiff may reasonably require. We have no hesitation in holding that under certain circumstances a wife may be entitled to share in property owned by the husband prior to marriage or inherited after marriage. While we hesitate to depart from provisions made by the trial court as to adjustment of property rights, in the instant case we think it would be inequitable to plaintiff to affirm the property settlement. In our opinion plaintiff should receive the sum of $4,000 out of the $11,303. A decree may be entered accordingly. Plaintiff may recover costs.

Dethmers, C. J., and Adams, Butzel, Carr, Bushnell, Boyles, and Reid, JJ., concurred.