VAN TINE *v.* VAN TINE.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ABANDONMENT.
    Issues raised in statement of questions involved are treated as abandoned or waived and will not be considered on appeal, where not discussed in the appellant's brief.

2. DIVORCE—EXTREME CRUELTY—EVIDENCE.
    Plaintiff wife established her right to divorce on ground of extreme and repeated cruelty, where defendant husband, a merchant seaman, refused to live at home as plaintiff had constantly requested and as he had promised to do and on the rare occasions when he was home he declined to treat her as a wife, paid her scant attention and devoted his time to drinking intoxicating liquors.

3. SAME—DIVISION OF PROPERTY—EQUITY.
    Division of property upon second marriage of the parties whereby plaintiff wife was awarded house, automobile and furniture valued at $8,325 and requiring her to pay defendant $750 and awarding defendant all other assets, which the trial court concluded would effect an approximate equal division of their combined property and earnings, *held,* equitable, where it appears that defendant had inherited about $4,000 worth of property and had earned about $25,600 and plaintiff earned $11,000 after taxes during their childless marriage which was terminated because of his extreme cruelty.

Appeal from Allegan; Smith (Raymond L.), J. Submitted January 8, 1957. (Docket No. 15, Calendar No. 46,293.) Decided April 22, 1957.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error §§ 770, 776.
[2] 17 Am Jur, Divorce and Separation §§ 58, 68, 83.
[3] 17 Am.Jur, Divorce and Separation §§ 445–448.

Bill by Marian F. Van Tine against Robert R. Van Tine for divorce. Decree for plaintiff. Defendant appeals. Affirmed.

*Leo W. Hoffman,* for plaintiff.

*Elizabeth Ramsey,* for defendant.

DETHMERS, C. J.   Defendant appeals from decree of divorce granted plaintiff.   He raises issues in his statement of questions involved, which are not discussed in his brief.   Accordingly, they are treated as abandoned or waived and will not be considered. *Parks* v. *Pere Marquette R. Co.,* 315 Mich 38; *Wilkinson* v. *Lanterman,* 314 Mich 568.   Under "argument" in his brief defendant says the issues now involve plaintiff's right to a divorce and the equities of the property settlement.

The parties were first married in 1938 and divorced in 1944.   They remarried in 1948.   No children were born to the marriages.   Plaintiff testified that at the time of the second marriage defendant was a merchant seaman, but he assured her that he would continue sea duty for only 1 more year, in order to get a little money ahead, and that then he would make his permanent home with her in Allegan; that ever since that year, despite her continuous requests that he quit going to sea and come home to live, he has steadfastly refused to do so.   She testified that on the occasions when he came home for a few days while on leave from sea duty he showed her no love nor affection, constantly drank intoxicating liquors and refused to have intimate relations with her.   Defendant, represented by counsel at trial, was not personally present and offered no proofs in refutation.   It is clear that defendant was rarely at home, refused to live there as plaintiff constantly requested and he had promised to do, and on the rare occasions

when he was home he declined to treat plaintiff as a wife, paid her scant attention and devoted it rather to drinking. Such proofs suffice to establish plaintiff's claim of extreme and repeated cruelty as grounds for divorce.

The proofs show that during the 4 years the parties were last married plaintiff worked and earned, after taxes, approximately $11,000 and defendant about $25,600. Defendant sent plaintiff about $200 per month, which she used to pay for a house and automobile, a total sum of $8,175, in the meanwhile maintaining the home, supporting herself and paying taxes, insurance and about $600 for furniture out of her own earnings. During the marriage defendant inherited a half interest in a farm and purchased the other half from his sister for $4,000, which remains unpaid.

The court awarded plaintiff the house and automobile, purchased for $8,175, and the furniture, which it found to be worth $150, and required her to pay defendant $750. The farm and all other assets of the parties, or either of them, were awarded to defendant. The court apparently concluded that out of defendant's total earnings there had remained to him, after deduction of the sums he had sent home to plaintiff, a total of about $17,400, that plaintiff's combined earnings and receipts from defendant had totalled approximately $19,200, and that, in making the awards as above indicated and requiring plaintiff to pay defendant $750, he had effectuated what approximated an equal division between them of the avails of their combined income during the marital period. Plaintiff was allowed no interest in defendant's inherited property nor anything on account thereof.

In view of defendant's obligation to support plaintiff as his wife, it must be considered that, if she had taken the sums which he sent her from time to

time and used them to support herself, as she properly might have done, and proceeded to pay the $8,175 for the house and automobile out of her own $11,000 earnings, it could scarcely be said to be inequitable or amiss to grant plaintiff the property for which she had paid out of her own earnings. *Berneske* v. *Berneske,* 236 Mich 397. The fact that she did the reverse, paying for the property out of receipts from defendant and providing out of her own earnings for her support which defendant was obligated to supply, in no way alters the equities in her favor. We cannot say that the division was inequitable or unfair to defendant under all the circumstances, including the fact that plaintiff is under some physical disability and defendant enjoys a superior earning capacity and that the court is not required, in such cases, to make an equal division between the parties (*Schmoltz* v. *Schmoltz,* 116 Mich 692; *Van Dommelen* v. *Van Dommelen,* 218 Mich 149; *Montgomery* v. *Montgomery,* 221 Mich 31; *Allen* v. *Allen,* 196 Mich 292) and the further fact that defendant's inheritance was left intact to him, although it was by no means beyond the reach of the court to permit plaintiff's participation therein. *Reitz* v. *Reitz,* 338 Mich 309.

Affirmed, with costs to plaintiff.

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.