# STATE OF MICHIGAN

# COURT OF APPEALS

---

CHARLES LIPPINCOTT,

        Plaintiff-Appellant,

v

JOAN LIPPINCOTT,

        Defendant-Appellee.

UNPUBLISHED
November 12, 2015

No.  324250
Genesee Circuit Court
LC No.  13-308039-DM

---

Before:  STEPHENS, P.J., and CAVANAGH and MURRAY, JJ.

PER CURIAM.

Plaintiff appeals as of right a judgment of divorce entered following a bench trial.  We affirm in part, vacate in part, and remand for proceedings consistent with this opinion.

The parties had been married 13 years and had two minor children.  Plaintiff worked for his father's business and was a current beneficiary of his late mother's trust, as well as a former beneficiary of his late grandmother's trust.  Defendant had stayed home and raised the children. The issues of child support, child custody, and parenting time were settled by the parties.  The issues of property division, spousal support, and attorney fees were contested.

On appeal, plaintiff argues that the trial court abused its discretion when it awarded defendant attorney fees because such award was unnecessary and unreasonable.  We disagree that the award was unnecessary, but remand for an evidentiary hearing on the issue of reasonableness.

We review a trial court's decision to award attorney fees in a divorce action for an abuse of discretion and its findings of fact on which the decision was based are reviewed for clear error.  *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005).

In a divorce action, attorney fees are awarded only as necessary to enable a party to carry on or defend the action.  MCL 552.13; *Gates v Gates*, 256 Mich App 420, 438; 664 NW2d 231 (2003).  Pursuant to MCR 3.206(C)(2)(a), the party requesting attorney fees and expenses must allege facts that show the party is unable to bear the expense and that the other party is able to pay.  In other words, the burden is on the party making the request to show facts sufficient to justify the award.  *Woodington v Shokoohi*, 288 Mich App 352, 370; 792 NW2d 63 (2010).  This burden includes proving both financial need, as well as the amount of the claimed attorney fees and their reasonableness.  *Reed*, 265 Mich App at 165-166.

-1-

Plaintiff argues that defendant failed to show facts sufficient to prove financial need because she earned $12.00 an hour or $24,900 a year and received child support. Plaintiff does not argue that he did not have the ability to pay defendant's attorney fees. Rather, he argues that, because defendant only paid rent in the amount of $650 a month and utilities, she had the ability to pay her own lawyer. We disagree with plaintiff. It is well-established that "[a] party may not be required to invade her assets to satisfy attorney fees when she is relying on the same assets for her support." *Maake v Maake*, 200 Mich App 184, 189; 503 NW2d 664 (1993). And, in this case, it is clear that plaintiff would have been required to invade assets that she was relying on for her own support in order to pay attorney fees accruing from defending against this divorce action filed by plaintiff. Accordingly, we affirm the trial court's decision with regard to the issue of necessity. However, the amount of attorney fees defendant requested and the reasonableness of the attorney fees claimed is unclear from the record. Again, the burden is on defendant to prove the amount of the claimed attorney fees and their reasonableness. *Reed*, 265 Mich App at 165-166. Consequently, we vacate the award of $2,500 in attorney fees and remand this issue to the trial court for an evidentiary hearing to consider the amount of attorney fees claimed by defendant and the reasonableness of the request. See *Ewald v Ewald*, 292 Mich App 706, 726; 810 NW2d 396 (2011).

Next, plaintiff argues that the trial court abused its discretion when it awarded defendant spousal support in the amount of $622 a month for a minimum of five years and thereafter terminating upon the death of either party or defendant's remarriage or further order of the court. We disagree.

An award of spousal support is within the trial court's discretion. MCL 552.23(1); *Ewald*, 292 Mich App at 722-723. We review an award of spousal support for an abuse of discretion and the trial court's findings of fact on which the decision was based are reviewed for clear error. *Woodington*, 288 Mich App at 355.

The purpose of spousal support is to balance the incomes and needs of the parties so that neither will be impoverished and is to be based on what is just and reasonable under the circumstances of the case. *Berger v Berger*, 277 Mich App 700, 726; 747 NW2d 336 (2008). Numerous factors may be considered, including (1) the past relations and conduct of the parties; (2) the length of the marriage; (3) the abilities of the parties to work; (4) the source and amount of property awarded to the parties; (5) the parties' ages; (6) the abilities of the parties to pay support; (7) the present situation of the parties; (8) the needs of the parties; (9) the parties' health; (10) the parties' prior standard of living and whether each is responsible for the support of others; (11) the contributions of the parties to the joint estate; (12) a party's fault in causing the divorce; (13) the effect of cohabitation on a party's financial status; and (14) general principles of equity. *Id*. at 726-727 (citation omitted).

Here, the trial court considered several factors that were relevant in this case, including: plaintiff's income of about $80,000; the parties' lifestyle which was dependent on receiving financial assistance from plaintiff's mother's trust; that plaintiff worked for his father and, according to defendant's unrefuted testimony, would inherit his father's business one day; that, although defendant had a degree in English, she had not pursued a career in that field so that she could raise their children and would have "an uphill battle regaining the lifestyle enjoyed during the marriage;" that plaintiff would be receiving distributions from his mother's trust of $100,000

and $750,000 in the near future which would "significantly enhance" his financial status; that defendant earned about $25,000 a year and had limited earning potential; and the promises from plaintiff and his family that no retirement savings plan was required because they would be taken care of by the trust and plaintiff's future inheritance. These factual findings are not clearly erroneous.

Plaintiff argues that his income was not $80,000 a year. While plaintiff is correct that his W-2 earnings were $54,000, he also testified that he worked for his father's business and received as benefits a $98 a month family gym membership, a $100 a month social membership at Atlas Country Club, a company car and car insurance, and a prepaid gas card. Plaintiff also testified that, in the past, his father's company had paid for a membership at the Flint Golf Club and had paid him a gift of $375 a month. Plaintiff further testified that the mortgage on the Ann Arbor rental property is $1,490 a month and he rents it for $3,550 a month. Accordingly, the trial court's finding that plaintiff's income was at least $80,000 a year was not clearly erroneous.

Plaintiff also argues that the trial court's findings that plaintiff would receive trust distributions of $100,000 and $750,000 "in the near future" were clearly erroneous because distributions were at the co-trustees discretion. However, as the trial court noted, plaintiff's testimony with regard to his future inheritance was obviously evasive. Nevertheless, plaintiff admitted that at age 45 he was to receive $100,000 from his mother's trust, at age 50 he was to receive another distribution, and at age 55 he was to receive the remainder of the trust, which had a value of $750,000. While plaintiff claims that the distributions were "not guaranteed," the actual trust documents were not submitted as evidence so this claim is unsupported and the record demonstrated that, when plaintiff asked for trust funds, they were readily received. Thus, the trial court's findings in this regard were not clearly erroneous.

Plaintiff also argues that the trial court abused its discretion by ordering spousal support for a minimum of five years and thereafter until death, remarriage, or further court order. However, the trial court's decision was clearly based on the facts that defendant did not pursue a personal career so that she could raise the parties' children and the parties had no retirement investments or savings plan to distribute because plaintiff worked for his father's business and because they were promised that they would be taken care of by plaintiff's mother's trust funds, as well as plaintiff's future inheritances. These findings are supported by the record evidence.

In summary, the trial court's award of spousal support did not constitute an abuse of discretion and the challenged findings of fact were not clearly erroneous. The spousal support award balanced the incomes and needs of the parties in a way that did not impoverish either and was just and reasonable under the circumstances of the case. See *Berger*, 277 Mich App at 726.

Next, plaintiff argues that the trial court improperly awarded defendant a portion of his inheritance that he previously received from his grandmother's trust after concluding that the division of the marital estate was insufficient for her suitable support and maintenance. We disagree.

"In reviewing a dispositional ruling in a divorce case, we first review the trial court's findings of fact for clear error and then decide whether the dispositional ruling was fair and equitable in light of the facts." *Hanaway v Hanaway*, 208 Mich App 278, 292; 527 NW2d 792

-3-

(1995). Unless we are left with the firm conviction that the distribution was inequitable, the trial court's dispositional rulings will be affirmed. *Id.*; *Sparks v Sparks*, 440 Mich 141, 151-152; 485 NW2d 893 (1992).

"Generally, the marital estate is divided between the parties, and each party takes away from the marriage that party's own separate estate with no invasion by the other party." *Reeves*, 226 Mich App at 494. However, a party's separate estate may be opened for redistribution under MCL 552.23(1) when, after division of the marital estate, the court determines that "the estate and effects awarded to" one of the party's was "insufficient for the suitable support and maintenance of" that party, i.e., the party demonstrated additional need considering the parties' lifestyle during the marriage. MCL 552.23(1); *Reeves v Reeves*, 226 Mich App 490, 494; 575 NW2d 1 (1997). Principles similar to those applicable to the issue of spousal support apply. *Hannaway*, 208 Mich App at 292-293.

Here, the trial court noted that, during the marriage, plaintiff was bought out of his interest in his grandmother's trust, his inheritance, for $367,941, which he had transferred to his mother's trust. The trial court also noted that the parties' had received disbursements freely from plaintiff's mother's trust for everyday living expenses, and the parties had enjoyed a fairly affluent lifestyle during the marriage in reliance on those trust disbursements. Under these circumstances, the court concluded that it could view the corpus of the trust as a marital asset but, at minimum, if the corpus was considered plaintiff's separate property, the court could invade it to provide an equitable distribution. And the court concluded that division of the marital estate was insufficient to treat defendant fairly in this case.

Plaintiff argues that his interest in his mother's trust should not have been considered a marital asset or his separate property by the trial court. But the trial court only considered plaintiff's inheritance from his grandmother's trust for purposes of property distribution. And we agree that the funds inherited by plaintiff from his grandmother's trust that were then transferred to his mother's trust—which provided funds to the parties during their marriage on a fairly regular basis—could be considered a marital asset or, at minimum, plaintiff's separate property that was subject to invasion. See, e.g., *Van Tine v Van Tine*, 348 Mich 189, 192; 82 NW2d 486 (1957); *Reitz v Reitz*, 338 Mich 309, 313-314; 61 NW2d 81 (1953). Thus, plaintiff's argument is without merit.

Plaintiff also argues that the trial court's conclusion that funds from his mother's trust were freely distributed by the co-trustees upon plaintiff's request was clearly erroneous. We disagree. Both parties testified that plaintiff requested and received funds from the trust on numerous occasions. Those funds were used to pay for things like bills, housekeepers, babysitters, camp, bunk beds, a swing set for the children, a new fence, an alarm system for their house, and a furnace and ductwork for the Ann Arbor rental property. The only evidence of record where a request from plaintiff for funds was denied was for dance lessons for the parties' daughter but one of the co-trustees personally paid for those lessons. Thus, the trial court's conclusion that the parties utilized plaintiff's mother's trust funds on a regular basis was not clearly erroneous. And, we note, in reaching its decision, the trial court clearly considered plaintiff's evasive trial testimony regarding trust distributions, as well as the timing of this divorce action, to be consistent with defendant's testimony that plaintiff had engaged in "pre-divorce financial planning." Pursuant to MCL 552.23(1), the trial court was permitted to

consider the ability of plaintiff to pay, as well as "the character and situation of the parties, and all the other circumstances of the case." See also *Sands v Sands*, 442 Mich 30, 36-37; 497 NW2d 493 (1993).

In summary, considering the circumstances of this case, we are not definitely and firmly convinced that the property division was inequitable; thus, we affirm the trial court's dispositional ruling. See *Hanaway*, 208 Mich App at 292.

Finally, plaintiff argues the trial court erroneously awarded defendant additional household furniture and furnishings because the parties had entered into a pretrial settlement in that regard. We disagree.

On October 29, 2013, a stipulated "partial settlement agreement" was entered by the trial court which stated that plaintiff was to pay defendant $4,000 "on or before the 26th day of November 2013, in full satisfaction of her interest in the household furniture and furnishings of the parties. These funds are for the purpose of paying her moving expenses and her expenses for furnishing her new home and refurnishing her apartment." The judgment of divorce, however, provides that defendant "shall be allowed to return to the marital home for a personal property review. . . . Any inability to resolve real property issues shall be resolved by community dispute resolution." Plaintiff requests this Court to "modify the Judgment setting aside the provision giving the Defendant the right to any further household furniture and furnishings."

Plaintiff is correct that stipulated orders entered by the trial court are agreements reached by the parties and are generally construed under the same rules of construction as contracts. *Phillips v Jordan*, 241 Mich App 17, 21; 614 NW2d 183 (2000). But, here, considering the plain language of the judgment of divorce, it does not grant defendant any right to additional household furniture or furnishings. Rather, the judgment of divorce merely permits defendant to return to the marital home for her own personal property that may have been left in the marital home when she moved out. Defendant entered into a settlement agreement and received $4,000 "in full satisfaction of her interest in the household furniture and furnishings of the parties." We reject defendant's argument on appeal that this provision of the partial settlement agreement was ambiguous. It was not. And defendant is not authorized by the judgment of divorce to take any household furniture or furnishings. Accordingly, we deny plaintiff's request to modify the challenged provision in the judgment of divorce.

In conclusion, we vacate the provision of the judgment of divorce awarding attorney fees to defendant in the amount of $2,500 and remand this issue to the trial court for an evidentiary hearing to consider the amount of attorney fees claimed and the reasonableness of the request. In all other respects the judgment of divorce is affirmed.

Affirmed in part, vacated in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Christopher M. Murray

-5-